**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PARTHENON UNIFIED MEMORY ARCHITECTURE LLC, | |
| Plaintiff, | Civil Action No. 2:14-cv-00690-JRG |
| v. | |
| HTC CORPORATION AND HTC AMERICA, INC. | JURY TRIAL REQUESTED |
| Defendants. | |

**HTC CORPORATION'S AND HTC AMERICA, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PARTHENON UNIFIED MEMORY ARCHITECTURE LLC'S COMPLAINT**

Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") hereby submit their Answer, Affirmative Defenses and Counterclaims to Parthenon Unified Memory Architecture LLC's ("PUMA") Complaint, demand a jury trial and allege as follows:

<u>THE PARTIES</u>

1.      HTC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and on that basis, denies them.

2.      HTC admits that defendant HTC Corporation is a Taiwanese company with a registered place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.

3.      HTC admits that HTC America, Inc. is incorporated under the laws of the State of Washington and has a principal place of business at 13920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005.

**JURISDICTION AND VENUE**

4.      HTC admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq., but HTC denies any infringement or wrongdoing. Except as expressly admitted, HTC denies the allegations of Paragraph 4 of the Complaint.

5.      For purposes of this action only, HTC does not challenge that venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).   HTC denies that this forum is convenient for the parties and witnesses and reserves all rights to seek to transfer of the present action to a more convenient forum.  Except as expressly admitted, HTC denies the allegations of Paragraph 5 of the Complaint.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,812,789**

6.      HTC admits that U.S. Patent No. 5,812,789 ("'789 patent"), is titled "Video And/Or Audio Decompression And/Or Compression Device That Shares A Memory Interface." HTC admits that the first page of the '789 patent identifies an issue date of September 22, 1998. Except as expressly admitted, HTC denies the allegations of Paragraph 6 of the Complaint.

7.      HTC denies the allegations of Paragraph 7 of the Complaint.

8.      HTC denies the allegations of Paragraph 8 of the Complaint.

9.      HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 9 of the Complaint.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,960,464**

10.      HTC admits that U.S. Patent No. 5,960,464 ("'464 patent"), is titled "Memory Sharing Architecture For A Decoding In A Computer System."  HTC admits that the first page

of the '464 patent identifies an issue date of September 28, 1999.  Except as expressly admitted, HTC denies the allegations of Paragraph 10 of the Complaint.

11.     HTC denies the allegations of Paragraph 11 of the Complaint.

12.     HTC denies the allegations of Paragraph 12 of the Complaint.

13.     HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 13 of the Complaint.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,058,459

14.     HTC admits that U.S. Patent No. 6,058,459 ("'459 patent"), is titled "Video/Audio Decompression/Compression Device Including An Arbiter And Method For Accessing A Shared Memory."  HTC admits that the first page of the '459 patent identifies an issue date of May 2, 2000.  Except as expressly admitted, HTC denies the allegations of Paragraph 14 of the Complaint.

15.     HTC denies the allegations of Paragraph 15 of the Complaint.

16.     HTC denies the allegations of Paragraph 16 of the Complaint.

17.     HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 17 of the Complaint.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,427,194

18.     HTC admits that U.S. Patent No. 6,427,194 ("'194 patent"), is titled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  HTC admits that the first page of the '194 patent identifies an issue date of July 30, 2002.  Except as expressly admitted, HTC denies the allegations of Paragraph 18 of the

Complaint.

19.     HTC denies the allegations of Paragraph 19 of the Complaint.

20.     HTC denies the allegations of Paragraph 20 of the Complaint.

21.     HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 21 of the Complaint.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,321,368

22.     HTC admits that U.S. Patent No. 7,321,368 ("'368 patent"), is titled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  HTC admits that the first page of the '368 patent identifies an issue date of January 22, 2008.  Except as expressly admitted, HTC denies the allegations of Paragraph 22 of the Complaint.

23.     HTC denies the allegations of Paragraph 23 of the Complaint.

24.     HTC denies the allegations of Paragraph 24 of the Complaint.

25.     HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 25 of the Complaint.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,542,045

26.     HTC admits that U.S. Patent No. 7,542,045 ("'045 patent"), is titled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  HTC admits that the first page of the '045 patent identifies an issue date of June 2, 2009.  Except as expressly admitted, HTC denies the allegations of Paragraph 26 of the Complaint.

-4-

27.     HTC denies the allegations of Paragraph 27 of the Complaint.

28.     HTC denies the allegations of Paragraph 28 of the Complaint.

29.     HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.   Except as expressly admitted, HTC denies the allegations of Paragraph 29 of the Complaint.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,777,753

30.     HTC admits that U.S. Patent No. 7,777,753 ("'753 patent"), is titled "Electronic System And Method For Selectively Allowing Access To A Shared Memory."  HTC admits that the first page of the '753 patent identifies an issue date of August 17, 2010.  Except as expressly admitted, HTC denies the allegations of Paragraph 30 of the Complaint.

31.     HTC denies the allegations of Paragraph 31 of the Complaint.

32.     HTC denies the allegations of Paragraph 32 of the Complaint.

33.     HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.   Except as expressly admitted, HTC denies the allegations of Paragraph 33 of the Complaint.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 8,054,315

34.     HTC admits that U.S. Patent No. 8,054,315 ("'315 patent"), is titled "Electronic System And Method For Selectively Allowing Access To A Shared Memory."  HTC admits that the first page of the '315 patent identifies an issue date of November 8, 2011.  Except as expressly admitted, HTC denies the allegations of Paragraph 34 of the Complaint.

35.     HTC denies the allegations of Paragraph 35 of the Complaint.

36.     HTC denies the allegations of Paragraph 36 of the Complaint.

37.     HTC America, Inc. admits that its agent for service of process in Texas received a

copy of the Complaint on June 24, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 37 of the Complaint.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 8,681,164

38.     HTC admits that U.S. Patent No. 8,681,164 ("'164 patent"), is titled "Electronic System And Method For Selectively Allowing Access To A Shared Memory."  HTC admits that the first page of the '164 patent identifies an issue date of March 25, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 38 of the Complaint.

39.     HTC denies the allegations of Paragraph 39 of the Complaint.

40.     HTC denies the allegations of Paragraph 40 of the Complaint.

41.     HTC America, Inc. admits that its agent for service of process in Texas received a copy of the Complaint on June 24, 2014.  Except as expressly admitted, HTC denies the allegations of Paragraph 41 of the Complaint.

## DEMAND FOR JURY TRIAL

42.     No response is required to PUMA's Jury Demand.

## PRAYER FOR RELIEF

HTC denies that PUMA is entitled to any relief whatsoever from HTC or the Court, either as prayed for in PUMA's Complaint or otherwise.  HTC has not infringed, directly or indirectly, any valid and enforceable claim of the '789, '464, '459, '194, '368, '045, '753, '315, and '164 patents (collectively, "Asserted Patents"), and PUMA is not entitled to any remedy or recovery.  To the extent that PUMA's Prayer for Relief is interpreted to contain any factual allegations, HTC denies them.

## GENERAL DENIAL

43.     HTC further denies each allegation contained in PUMA's Complaint that was not

specifically admitted, denied, or otherwise responded to in this Answer to PUMA's Complaint.

## AFFIRMATIVE DEFENSES

44.     HTC alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, HTC specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

45.     HTC has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

46.     The claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel, Laches, Waiver, Acquiescence, and Unclean Hands)

47.     PUMA's claims for relief and relief sought are barred in whole or in part by the doctrines of equitable estoppel, estoppel, laches, waiver, acquiescence, and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 286)

48.     PUMA's claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

49.     Any claim for damages for patent infringement by PUMA is limited, at a

minimum, by 35 U.S.C. § 287 to those damages occurring only after notice of alleged infringement.

### SIXTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 288)

50.     PUMA is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### SEVENTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498)

51.     To the extent certain products accused of infringing one or more of the Asserted Patents are used by and/or manufactured for the United States Government, PUMA's claims against HTC with respect to such products are barred, in whole or in part, under 28 U.S.C. § 1498.

### EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

52.     PUMA is estopped because of prosecution history estoppel and/or disclaimer from construing or interpreting any claims of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, any acts of HTC, by reason of the proceedings in the United States Patent Trade Office (PTO) during prosecution of the applications leading to the issuance of the Asserted Patents, and admissions and representations made therein to the PTO by the applicants, any disclosures, and/or language in the specifications of the Asserted Patents, and/or limitations in the claims of the Asserted Patents.

### NINTH AFFIRMATIVE DEFENSE
### (License; Exhaustion)

53.     Upon information and belief, PUMA's claims are barred, in whole or in part, because one or more of HTC's products is subject to license to one or more of Asserted Patents

and/or under the doctrines of implied license or patent exhaustion.

**TENTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

54.     PUMA's claims for enhanced damages and an award of fees and costs against the HTC have no basis in fact or law and should be denied.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

55.     PUMA is not entitled to injunctive relief because, inter alia, any injury to PUMA is not immediate or irreparable, and PUMA has an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Standing)**

56.     On information and belief, PUMA lacks standing to assert claims for infringement of one or more of the Asserted Patents.

**ADDITIONAL DEFENSES**

57.     HTC reserves the right to assert additional defenses based on information learned or obtained during discovery.

**<u>COUNTERCLAIMS</u>**

For its counterclaims against PUMA, HTC states as follows:

**<u>THE PARTIES</u>**

1.     Counterclaimant HTC Corporation is a Taiwanese company with a principal place of business of 23 Xinghua Rd., Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.

2.     Counterclaimant HTC America, Inc. is incorporated under the laws of the State of Washington with a principal place of business of 13920 SE Eastgate Way, Suite 200, Bellevue, WA 98005.

3.     As pled in its Complaint, counterclaim defendant Parthenon Unified Memory

-9-

Systems, LLC ("PUMA") is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5.      By its counterclaims, HTC seeks to obtain a judgment declaring that HTC does not and has not infringed U.S. Patent No. 5,812,789 ("'789 patent"), U.S. Patent No. 5,960,464 ("'464 patent"), U.S. Patent No. 6,058,459 ("'459 patent"), U.S. Patent No. 6,427,194 ("'194 patent"), U.S. Patent No. 7,321,368 ("'368 patent"), U.S. Patent No. 7,542,045 ("'045 patent"), U.S. Patent No. 7,777,753 ("'753 patent"), U.S. Patent No. 8,054,315 ("'315 patent"), and U.S. Patent No. 8,681,164 ("'164 patent") (collectively, "Asserted Patents"), and that the Asserted Patents are invalid and unenforceable.

6.      An actual controversy exists between PUMA and HTC as to the infringement, validity, and enforceability of the Asserted Patents.

7.      Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1338(a) and 2201.

8.      To the extent this action remains in this District, venue is proper pursuant to 28 U.S.C. § 1391(b) and 1391(c) because PUMA has brought its action for infringement of the Asserted Patents in this District.

9.      By filing the Complaint, PUMA has consented to the personal jurisdiction of this Court.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,812,789)

10.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

11.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '789 patent.

12.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '789 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

13.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '789 patent.

14.     HTC has not and does not infringe any valid claim of the '789 patent.

15.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '789 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,812,789)

17.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18.     The claims of the '789 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

19.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.

20.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '789 patent.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,960,464)

21.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

22.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '464 patent.

23.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '464 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

24.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '464 patent.

25.     HTC has not and does not infringe any valid claim of the '464 patent.

26.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties regarding the non-infringement of the claims of the '464 patent.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,960,464)

28.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29.     The claims of the '464 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

30.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '464 patent.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,058,459)

32.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

33.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '459 patent.

34.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '459 patent by making, using, selling, offering for sale, and/or importing into the United

States certain HTC products.

35.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '459 patent.

36.     HTC has not and does not infringe any valid claim of the '459 patent.

37.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '459 patent.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,058,459)

39.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

40.     The claims of the '459 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

41.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

42.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties regarding the invalidity of the claims of the '459 patent.

## SEVENTH CLAIM FOR RELIEF

## (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,427,194)

43.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

44.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '194 patent.

45.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '194 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

46.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '194 patent.

47.     HTC has not and does not infringe any valid claim of the '194 patent.

48.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '194 patent.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,427,194)

50.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

51.     The claims of the '194 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

52.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '194 patent.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,321,368)

54.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

55.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '368 patent.

56.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '368 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

57.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for

the alleged infringement of the '368 patent.

58.     HTC has not and does not infringe any valid claim of the '368 patent.

59.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

60.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '368 patent.

### TENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,321,368)

61.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

62.     The claims of the '368 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

63.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

64.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '368 patent.

## ELEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,542,045)

65.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

66.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '045 patent.

67.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '045 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

68.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '045 patent.

69.     HTC has not and does not infringe any valid claim of the '045 patent.

70.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

71.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '045 patent.

## TWELFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,542,045)

72.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

73.     The claims of the '045 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

74.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

75.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '045 patent.

## THIRTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,777,753)

76.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

77.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '753 patent.

78.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '753 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

79.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '753 patent.

80.     HTC has not and does not infringe any valid claim of the '753 patent.

81.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.

82.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '753 patent.

**FOURTEENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,777,753)**

83.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

84.     The claims of the '753 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

85.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

86.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '753 patent.

**FIFTEENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,054,315)**

87.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

88.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '315 patent.

89.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '315 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

90.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '315 patent.

91.     HTC has not and does not infringe any valid claim of the '315 patent.

92.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '315 patent.

**SIXTEENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,054,315)**

94.     HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

95.     The claims of the '315 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

96.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.

97.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '315 patent.

## SEVENTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,681,164)

98.     HTC realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

99.     In its Complaint, PUMA contends that it owns all rights, title, and interest in and to the '164 patent.

100.     In its Complaint, PUMA alleges that HTC infringes one or more of the claims of the '164 patent by making, using, selling, offering for sale, and/or importing into the United States certain HTC products.

101.     In its Complaint, PUMA seeks both injunctive relief and damages from HTC for the alleged infringement of the '164 patent.

102.     HTC has not and does not infringe any valid claim of the '164 patent.

103.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

104.     HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties regarding the non-infringement of the claims of the '164 patent.

## EIGHTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,681,164)

105.    HTC realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

106.    The claims of the '164 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

107.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

108.    HTC seeks a judicial determination and declaration of the respective rights and duties of the parties based on HTC's contentions as set forth in the paragraphs above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '164 patent.

## HTC'S PRAYER FOR RELIEF

109.    WHEREFORE, HTC prays for relief as follows:

A.  that Judgment be entered in favor of HTC and against PUMA on each and every claim for relief of the Complaint and on each and every count of HTC's Counterclaims;

B.  that Judgment be entered declaring that HTC has not infringed, contributed to the infringement of, or induced others to infringe the Asserted Patents;

C.  that Judgment be entered declaring the claims of the Asserted Patents are invalid;

D.  that Judgment be entered declaring that PUMA is precluded from obtaining injunctive relief, money damages, costs, and/or attorneys' fees for any alleged infringement by HTC;

E.  that Judgment be entered declaring that this case is exceptional in favor of HTC under 35 U.S.C. § 285 and that HTC be awarded its reasonable attorneys' fees, expenses, and costs; and

F.  that HTC be awarded such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

110.    In accordance with Rule 38 of the Federal Rules of Civil Procedure, HTC hereby demands a trial by jury.

Dated: September 15, 2014

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
efindlay@findlaycraft.com
Debby Gunter
State Bar No. 24012752
dgunter@findlaycraft.com
**FINDLAY CRAFT, P.C.**
102 N. College Ave.
Suite 900
Tyler, TX 75702
(903) 534-1100
(903) 534-1137 FAX

Michael J. Bettinger
Lead Attorney
California State Bar No. 122196
mike.bettinger@klgates.com
Curt Holbreich
California State Bar No. 168053
curt.holbreich@klgates.com
**K&L Gates LLP**
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
(415) 882-8200
(415) 882-8220 FAX

*Counsel for* **HTC Corporation**
**and HTC America, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court in compliance with Local Rule CV-5(a).  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Eric H. Findlay*
Eric H. Findlay