**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § § § | **Case No. 2:14-cv-690-RSP (Lead)** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **HTC CORPORATION, ET AL.** | § § § | |
| **LG ELECTRONICS, INC., ET AL.** | § § § | **Case No. 2:14-cv-691-JRG-RSP (Consolidated)** |
| **HUAWEI TECHNOLOGIES CO., LTD., ET AL.** | § § § | **Case No. 2:14-cv-687-JRG-RSP (Consolidated)** |
| **MOTOROLA MOBILITY LLC** | § § | **Case No. 2:14-cv-689-JRG-RSP (Consolidated)** |
| **Defendants.** | § | |

**JOINT SUBMISSION OF THE PARTIES'
PROPOSALS TO AMEND THE DOCKET CONTROL ORDER**

Pursuant to the Court's Order dated December 17, 2014, consolidating Cause No. 2:14-cv-689 against Motorola and Cause No. 2:14-cv-687 against Huawei with Lead Case No. 2:14-cv-690 [DKT #57], Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA") and Defendants HTC Corporation and HTC America, Inc. ("HTC"); LG Electronics, Inc. and LG Electronics USA, Inc. ("LG"); Motorola Mobility LLC ("MMLLC"); and Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., and Huawei Device USA, Inc. ("Huawei") hereby submit their proposals to amend the Docket Control Order entered on September 25, 2014 [DKT #43].[1]

---

[1] Motorola and Huawei are filing this pursuant to the Orders consolidating Motorola and Huawei with Lead Case 2:14-cv-690.  However, Motorola, Huawei direct the Court to its Unopposed Motion to Vacate Consolidation Orders and to Re-Consolidate filed on January 6, 2015 (Dkt. 75) asking the Court to re-consolidate them with the Qualcomm and Samsung action.

The parties understand the deadline for filing amendments to the Docket Control Order to be January 7, 2015, per the Court's order granting an extension of time dated January 6, 2015 [DKT #72].  The parties show good cause for the amendments as follows:

Plaintiff Parthenon Unified Memory Architecture, LLC ("PUMA") filed separate suits against Huawei (2:14-cv-687), Motorola (2:14-cv-689), HTC (2:14-cv-690) and LG (2:14-cv-691) on or about June 12, 2014, alleging infringement of the same nine (9) U.S. patents in each cause.[2]  On August 6, 2014, this Court entered its first consolidation order, consolidating the actions against HTC Corporation ("HTC") (2:14-cv-690) and LG Electronics ("LG") (2:14-cv-691) under the lead case number 2:14-cv-690.[3]  HTC answered PUMA's Complaint on September 15, 2014.[4]  LG answered PUMA's Complaint on October 15, 2014.[5]  In the interim, PUMA, HTC and LG negotiated and filed case management documents (including a proposed Docket Control Order, Discovery Order, and Protective Order) that would govern the consolidated case as to those three parties, which were entered by the Court on September 25, 2014.[6]  Infringement contentions and invalidity contentions have been served and exchanged between HTC and LG and PUMA.

Motorola answered PUMA's Complaint on October 27, 2014[7], after the case management documents as to HTC and LG were entered by the Court.  Huawei likewise did not answer PUMA's Complaint until October 24, 2014.  On December 17, 2014, the Court

---

[2] The patents-in-suit in each case are U.S. Patent No. 5,812,789; Patent No. 5,960,464; Patent No. 6,058,459; Patent No. 6,427,194; Patent No. 7,321,368; Patent No. 7,542,045; Patent No. 7,777,753; Patent No. 8,054,315; and Patent No. 8,681,164.
[3] DKT #13 in Cause No. 2:14-cv-690.
[4] DKT #31 in Cause No. 2:14-cv-690.
[5] DKT #45 in Cause No. 2:14-cv-690.
[6] DKT #37, #39 and #43 in Cause No. 2:14-cv-690.
[7] DKT #17 in Cause No. 2:14-cv-689.

entered two additional consolidation orders,[8] consolidating the case against Motorola (2:14-cv-689) and the case against Huawei Technologies Co. (2:14-cv-687) with the cases against HTC and LG that had previously been consolidated.  No infringement contentions have been served on Motorola or Huawei, and accordingly, neither Motorola nor Huawei have served invalidity contentions upon PUMA.  Furthermore, no discovery has yet been exchanged between PUMA and Motorola or Huawei.

Under the facts outlined above, the parties hereby submit competing proposals for amending the Docket Control Order in order to reasonably adjust the schedule to accommodate the addition of Motorola and Huawei.

**Plaintiff's Proposal**

In view of Defendants' proposal to move all dates—including the *Markman* hearing and trial date—by five months, PUMA submits its own proposal that seeks to reasonably accommodate the addition of Huawei and Motorola while maintaining the *Markman* and trial dates.  PUMA's proposal further takes into account: (1) that both Huawei and Motorola filed their Answers in October and have had several months to prepare their defenses, and (2) that their participation in a joint defense group with LG and HTC will assist them in meeting any deadlines imposed by the Court.

As outlined in the chart below, PUMA proposes to serve infringement contentions to Motorola and Huawei by January 20, 2015.  In turn, Huawei and Motorola would serve their invalidity contentions six weeks later on March 3, 2015.  Given that Huawei and Motorola both filed Answers in October and have known of the accused patents since last June, a March deadline for invalidity contentions would not prejudice either party.

---

[8] DKT #20 in Cause No. 2:14-cv-689; DKT #24 in Cause No. 2:14-cv-687; DKT #57 in Cause No. 2:14-cv-690.

With respect to claim construction, PUMA proposes that the parties comply with P.R. 4-1 (the exchange of proposed claim terms) on February 10, 2015, over two weeks after Huawei and Motorola receive PUMA's infringement contentions.   Additionally, PUMA proposes that the parties comply with P.R. 4-2 (the exchange of preliminary claim constructions) on February 24, 2015, and file the Joint Claim Construction Statement under P.R. 4-3 on March 10, 2015.   This schedule preserves the current *Markman* hearing date while providing Huawei and Motorola with an opportunity to review PUMA's infringement contentions.   Additionally, as with the invalidity contentions, Huawei and Motorola will have the advantage of integrating and adapting LG and HTC's current efforts toward the claim construction deadlines.

Lastly, PUMA has included a deadline for Motorola and Huawei to file motions to transfer on February 3, 2015.   Given HTC and LG's decision to delay moving to transfer until six months after PUMA filed its Complaints, a deadline to file transfer motions would prevent further delay and reduce the risk of any prejudice to PUMA.   For the above reasons, PUMA respectfully requests that the Court adopt its proposed schedule below, which retains both the current *Markman* hearing and trial dates.

Alternatively, in the event the Court is of the judgment that more time is needed to accommodate Huawei and Motorola, PUMA respectfully directs the Court's attention to the parties' pending Unopposed Motion to Vacate (Dkt. 75), which seeks to have Huawei and Motorola consolidated with the pending actions against Samsung and Qualcomm.   Given that those cases are set for a scheduling conference this month, PUMA and the added Defendants have suggested an alternative proposal to consolidate the actions against Huawei and Motorola with Samsung and Qualcomm.   This alternative proposal would satisfy any scheduling concerns held by Huawei or

Motorola while avoiding any delay in the HTC and LG actions and allowing those parties to continue their progress toward an expedient resolution of their claims.

**Defendants' Proposal**

As an initial matter, Motorola and Huawei *agree* with PUMA's alternative proposal to sever Motorola and Huawei from the HTC/LG case and re-consolidate those parties with Samsung and Qualcomm.  *See* Dkt. No. 75, Unopposed Motion to Vacate Consolidation Orders and to Re-consolidate.  That course of action would satisfy the scheduling concerns raised by Motorola and Huawei here.  And because PUMA has yet to serve infringement contentions on Motorola and Huawei, the Motorola-Huawei posture is much more akin to the current Samsung-Qualcomm posture.

But if the Court declines to grant Huawei and Motorola's motion to consolidate with the Samsung and Qualcomm cases, then the schedule proposed by the Defendants should be adopted because it is fair and reasonable for all parties in this action, given the complexity of these cases and their current posture.  PUMA has asserted nine patents against numerous Motorola and Huawei products.  Yet as noted above, PUMA has yet to serve infringement contentions on Motorola and Huawei at this point, and so neither Motorola nor Huawei has been provided with a list of asserted claims, a list of accused products and model numbers,[9] or charts mapping the accused functionality to the asserted claims.  That information is necessary for Motorola and Huawei to fully develop their non-infringement and invalidity defenses.  Once Motorola and Huawei have been provided with that information, they should be permitted the full amount of time to meet the various

---

[9] PUMA's Complaint identifies product names only, not specific models which may have different application processors.

deadlines under the local patent rules while still maintaining the Court's relatively quick docket pace.  Defendants' proposed schedule reflects their efforts to achieve those goals.[10]

PUMA's proposal, on the other hand, places an unreasonable burden on the parties. PUMA's proposal changes only four (4) of the numerous thirty-day deadlines and as a result forces Huawei and Motorola into an overly burdensome schedule given the complexities of this case. PUMA has asserted nine patents against numerous Motorola and Huawei products.  Based on the infringement contentions served on HTC and LG, the accused functionality in Motorola and Huawei products resides within third party application processors.[11]  Thus, discovery will be required to ascertain the structure, function, and operation of these third party processors vis-à-vis the numerous claims that will likely be asserted against Motorola and Huawei.

Yet as mentioned above, Motorola and Huawei still do not know which claims are asserted, which specific product models are at issue, or what specific components and functions are accused of infringing any of the nine asserted patents.  That has fundamentally limited Motorola and Huawei's ability to fully formulate their defenses.  Despite that, PUMA proposes give Motorola and Huawei only six weeks to serve invalidity contentions after receiving infringement contentions in this undeniably complex case instead of the eight weeks given to LG and HTC.  PUMA would also require Motorola and Huawei to exchange proposed claim constructions *before* Motorola and Huawei have served their invalidity contentions, instead of after those contentions, as contemplated by the local patent rules.  In short, PUMA's proposed schedule simply fails to account for the overarching complexity of these cases and their current posture.  Thus, if the Court decides not to sever Motorola and Huawei from the HTC-LG track and re-consolidate them with

---

[10] While Defendants would have been more than willing to negotiate the schedule with PUMA, only today – the day of the filing – did Defendants receive any proposal of a schedule from PUMA.
[11] Cause No. 14-cv-00690 Dkt. Nos. 54, 60.

Qualcomm and Samsung, then the Court should adopt the Defendants' proposed schedule below which fairly balances the complexity and posture of this case while also maintaining this Court's docket pace.

LG and HTC agree with the Defendants' proposal, but as stated in the parties' Notice of Related Cases [DKT #68 in Cause No. 2:14-cv-690], believe that judicial economy would be best served by consolidating Plaintiff's currently consolidated cases under Lead Case Nos. 2:14-cv-690 and 2:14-cv-902 under one lead case and with an appropriate schedule that balances the interests of all parties.  Piecemeal analysis of common issues such as the validity and infringement of the asserted claims to the extent PUMA relies on functionality in Qualcomm chips against the various defendants, does not favor judicial economy.  A single consolidated schedule for analysis of the issues is logical and appropriate.  Further, LG and HTC believe that to the extent a revised date for compliance with P.R. 3-3 and 3-4 (exchange of invalidity contentions) is established, LG and HTC reserve the right to rely on the contentions exchanged on that revised date in their invalidity case.

| EVENT / ACTIVITY | CURRENT DEADLINE | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| *Jury Selection – 9:00 a.m. in **Marshall, Texas** | December 14, 2015 | Current Deadline | May 9, 2016 |
| *Pretrial Conference – 9:00 a.m in **Marshall, Texas** before Judge Roy Payne | November 5, 2015 | Current Deadline | March 31, 2016 |
| *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. | October 28, 2015 | Current Deadline | March 23, 2016 |
| *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* | October 26, 2015 | Current Deadline | March 21, 2016 |
| *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. | October 19, 2015 | Current Deadline | March 14, 2016 |

| EVENT / ACTIVITY | CURRENT DEADLINE | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. | October 12, 2015 | Current Deadline | March 7, 2016 |
| Serve Objections to Rebuttal Pretrial Disclosures | October 12, 2015 | Current Deadline | March 7, 2016 |
| Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures | October 5, 2015 | Current Deadline | February 29, 2016 |
| Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof | September 21, 2015 | Current Deadline | February 15, 2016 |
| *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. | August 24, 2015 | Current Deadline | January 18, 2016 |
| Deadline to Complete Expert Discovery | August 17, 2015 | Current Deadline | January 11, 2016 |
| Serve Disclosures for Rebuttal Expert Witnesses | August 3, 2015 | Current Deadline | December 28, 2015 |
| Deadline to Complete Fact Discovery and File Motions to Compel Discovery | July 1, 2015 | Current Deadline | November 25, 2015 |

| EVENT / ACTIVITY | CURRENT DEADLINE | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof | July 13, 2015 | Current Deadline | December 7, 2015 |
| *Deadline to File Letter Briefs Regarding Dispositive Motions | June 29, 2015 | Current Deadline | November 23, 2015 |
| Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. *See* L.R. App. H. | June 16, 2015 | Current Deadline | November 10, 2015 |
| Comply with P.R. 3-7 (Opinion of Counsel Defenses) | June 9, 2015 | Current Deadline | November 3, 2015 |
| *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne | May 19, 2015 | Current Deadline | October 13, 2015 |
| *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) | May 5, 2015 | Current Deadline | September 29, 2015 |
| *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) | April 28, 2015 | Current Deadline | September 22, 2015 |
| Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) | April 21, 2015 | Current Deadline | September 15, 2015 |
| Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) | April 7, 2015 | Current Deadline | September 1, 2015 |

| EVENT / ACTIVITY | CURRENT DEADLINE | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. | April 7, 2015 | Current Deadline | September 1, 2015 |
| Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) | March 24, 2015 | Current Deadline | August 18, 2015 |
| File Response to Amended Pleadings | March 17, 2015 | Current Deadline | August 11, 2015 |
| *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. | March 3, 2015 | Current Deadline | July 28, 2015 |
| Comply with P.R. 4-3 (Joint Claim Construction Statement) | February 24, 2015 | March 10, 2015 | July 21, 2015 |
| Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) | February 3, 2015 | February 24, 2015 | July 28, 2015 |
| Comply with P.R. 4-1 (Exchange Proposed Claim Terms) | January 13, 2015 | February 10, 2015 | June 9, 2015 |
| Deadline for Motions to Transfer | No Current Deadline | February 3, 2015 | |
| Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) | November 24, 2014 | March 3, 2015 (for Motorola and Huawei) | April 20, 2015 |

| EVENT / ACTIVITY | CURRENT DEADLINE | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Comply with P.R. 3-1 &3-2 (Infringement Contentions) | September 29, 2014 | January 20, 2015 (for Motorola and Huawei) | January 30, 2015 |

Dated: January 13, 2015

Respectfully submitted,

*/s/ Michael McBride*
Demetrios Anaipakos
Texas Bar No. 00793258
 danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Alisa A. Lipski
Texas Bar No. 24041345
alipski@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
    ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
 jw@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: 909-757-6400
Facsimile: 909-757-2323

**ATTORNEYS FOR PLAINTIFF PARTHENON UNIFIED MEMORY ARCHITECTURE LLC**

/s/ Cameron Zinsli
Michael J. Bettinger
Lead Attorney
California State Bar No. 122196
mike.bettinger@klgates.com
Curt Holbreich
California State Bar No. 168053
curt.holbreich@klgates.com
Cameron Zinsli
California State Bar No. 286019
cameron.zinsli@klgates.com
**K&L Gates LLP**
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
(415) 882-8200
(415) 882-8220 FAX

Eric H. Findlay
State Bar No. 00789886
efindlay@findlaycraft.com
Debby Gunter
State Bar No. 24012752
dgunter@findlaycraft.com
**FINDLAY CRAFT, P.C.**
102 N. College Ave.
Suite 900
Tyler, TX 75702
(903) 534-1100
(903) 534-1137 FAX

*Counsel for Defendants **HTC Corporation and HTC America, Inc.***

/s/ Aidan Skoyles
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Andy Sonu (*pro hac vice*)
Smith R. Brittingham IV (*pro hac vice*)
Rajeev Gupta (*pro hac vice*)
Aidan C. Skoyles (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW
    GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400
Email: andy.sonu@finnegan.com
smith.brittingham@finnegan.com
raj.gupta@finnegan.com
aidan.skoyles@finnegan.com

*Attorneys for Defendants LG Electronics,
Inc. and LG Electronics U.S.A., Inc.*

*/s/ Michelle C. Replogle*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
**Potter Minton P.C.**
101 North College
Suite 500
Tyler, Texas 75702
Telephone: 903-597-8311
Fax:  903-531-38939

Jonathan E. Retsky
Lead Attorney
Illinois Bar No. 6201846
jretsky@winston.com
Stephen M. Wurth (*pro hac vice* motion
pending)
Illinois Bar No. 6304340
swurth@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Michelle C. Replogle
Texas Bar No. 24034648
mreplogle@winston.com
**Winston & Strawn LLP**
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**COUNSEL FOR DEFENDANT,
MOTOROLA MOBILITY LLC**

*/s/ Jane Du*_____
melsheimer@fr.com
Texas Bar No. 13922550
Thomas H. Reger II
reger@fr.com
Texas Bar No. 24032992
Jane Du
du@fr.com
Texas Bar No. 24076355
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 - Telephone
(214) 747-2091 – Facsimile

Brian G. Strand
strand@fr.com
Texas Bar No. 24081166
**FISH & RICHARDSON P.C.**
1221 McKinney Street
Houston, Texas 77010
(713) 654-5300 – Telephone
(713) 652-0109 – Facsimile

**COUNSEL FOR DEFENDANTS
HUAWEI TECHNOLOGIES CO., LTD,
HUAWEI TECHNOLOGIES USA, INC.,
AND HUAWEI DEVICES USA, INC**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 13, 2015.

*/s/ Michael McBride*