# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PARTHENON UNIFIED MEMORY ARCHITECTURE LLC | § § § | |
| | § | Case No. 2:14-CV-690-RSP |
| v. | § | LEAD CASE |
| | § | |
| HTC CORPORATION, ET AL. | § | |

## ORDER DENYING EMERGENCY MOTION TO STRIKE

Before the Court is Defendants' Emergency Motion to Strike Extrinsic Evidence (Dkt. No. 124, the "Motion").

In its reply claim construction brief, plaintiff Parthenon Unified Memory Architecture ("PUMA") submitted new extrinsic evidence. Defendants object, claiming that the new extrinsic evidence is barred by Local Patent Rule 4-3(b), which requires "an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim" before the start of claim construction briefing. Defendants cite this Court's decision in *Lodsys LLC v Brother Int'l Corp.*, which reiterated this Court's commitment to "early and complete disclosure of extrinsic evidence relevant to claim construction." Dkt. No. 573, Civil Case No. 2:11-cv-00090.

Defendants interpret this Court's decision in *Lodsys* to completely bar the introduction of extrinsic evidence after the 4-3(b) date, no matter the factual scenario. Mot. at 2. The Court first finds that *Lodsys* did not so hold, and further declines to adopt the position proffered by Defendants. The Local Patent Rules, along with *Lodsys* and its progeny, require early disclosure of known extrinsic evidence upon which a party intends to rely. But this does not extend to the scenario presented here: where a party seeks to produce extrinsic evidence in its reply claim

construction brief to respond an argument presented for the first time in a party's responsive claim construction brief.

To put it succinctly: this Court expects diligence and reasonable foresight in identifying extrinsic evidence, but cannot expect clairvoyance. Like it is in other contexts, the burden is on a party moving to strike to show that the producing party has failed to meet that standard. Defendants have not done so here, and accordingly the Court **DENIES** the Motion.

**SIGNED this 4th day of June, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE