**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PARTHENON UNIFIED MEMORY ARCHITECTURE LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 2:14-cv-00690-JRG-RSP Lead Case |
| HTC CORPORATION and HTC AMERICA, INC., | § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER

Before the Court is Defendants HTC Corporation and HTC America, Inc.'s (collectively "HTC") Motion to Transfer Venue from the Eastern District of Texas to the Southern District of California (Dkt. No. 60).   HTC argues that this case should be transferred to the Southern District of California.   Plaintiff Parthenon Unified Memory Architecture LLC ("Parthenon") opposes transfer.   After considering the evidence and weighing the factors, the Court finds that HTC has not shown that transfer is warranted.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a) (2006).   The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."   *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009).   The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.   *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.   The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.   *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis.   *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*").   Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue.   *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319.   Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive.   *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was

instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## ANALYSIS

The Parties agree that third-party Qualcomm Technologies, Inc. ("Qualcomm") has documents and witnesses that are relevant to this case because Parthenon has accused some HTC products of infringing the asserted patents when they use a Qualcomm Snapdragon processor (the "Snapdragon Chip").   Parthenon also claims that third-party STMicroelectronics, Inc. ("STMicro") has documents and witnesses that are relevant to this case.  STMicro originally owned the asserted patents and it allegedly has evidence that relates to HTC's defenses.[1]

### A.      Proper Venue

Neither party disputes that the Eastern District of Texas and the Southern District of California are proper venues.

### B.      Private Interest Factors

#### 1.      Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

HTC claims that it needs Qualcomm's documents to address Parthenon's allegations, Dkt. No. 60 at 8, and that Qualcomm's documents are located in San Diego, California or

---

[1] Parthenon claims that evidence from MediaTek, Inc. ("MediaTek") is relevant to this case because it accused two HTC products with MediaTek chips of infringing the asserted patents.  HTC has shown that those products are likely not sold in the United States.  The Court does not consider any MediaTek evidence relevant in this transfer analysis.

Raleigh, North Carolina, Dkt. No. 60 at 3, 9.   HTC claims that its own documents are in California, Washington, or Taiwan.   Dkt. No. 60 at 9.

Parthenon claims that Qualcomm's evidence is likely in Raleigh, North Carolina or Austin, Texas, Dkt. No. 96 at 3-4, and that it needs STMicro's documents to address HTC's defenses.   Dkt. No. 96 at 11.   STMicro's documents, Parthenon claims, are at STMicro's headquarters in Coppell, Texas.[2]   Dkt. No. 96-19 at 1.   Parthenon finally claims that it has "sources of proof [that] are located in this judicial district."   Dkt. No. 96 at 9; Dkt. No. 60-6 at 3; Dkt. No. 60-24 at 1-2.

HTC has not shown that Qualcomm's documents are more accessible from San Diego than Marshall.   It only shows that Qualcomm's documents are in both Raleigh and San Diego. *See* Dkt. No. 60-32 ¶ 5 ("Qualcomm's technical documents and source code management systems for the accused Qualcomm Snapdragon chip products are primarily based in San Diego, California and Raleigh, North Carolina.").

Parthenon claims that Qualcomm's documents and systems are likely in Raleigh because, according to Qualcomm, Raleigh is the "home to Qualcomm's Snapdragon SoC/CPU development."   Dkt. No. 96 at 3; Dkt No. 109 at 1-2.   HTC's evidence does not refute this claim.

Parthenon's evidence also shows that STMicro's documents are likely in Coppell, and that those documents are relevant to HTC's defenses of prosecution history estoppel, license, exhaustion, and standing.   Dkt. No. 96 at 11.   HTC does not dispute either the location of STMicro's documents or that STMicro's documents are relevant to its defenses in this case.   *See* Dkt. No. 105 at 3.

---

[2] Coppell, Texas is partly in Denton County which is in the Eastern District of Texas.

As to the Parties, Parthenon has shown that its own evidence is in this District. Parthenon's parent corporation, Acacia Research Group LLC ("Acacia Research"), has had offices here since at least 2011.  Dkt. No. 96 at 9; Dkt. No. 96-25 at 1.  Although HTC asserts that Parthenon and Acacia Research are both subsidiaries of a California entity, that does not rebut Parthenon's showing that its evidence is in this District.  Dkt. No. 60-6 at 3; Dkt. No. 96-26 ¶¶ 2-3.

Finally, HTC has not shown that it has evidence in California.  Parthenon claims that HTC's work in California is not relevant to this case because it relates only to the "look and feel" of HTC's phones.  HTC has not disputed this claim in its reply.  *See* Dkt. No. 105 at 3-4 ("HTC made clear both before and after filing its motion that its ground for transfer are centered on the Qualcomm chips and the resulting presence of crucial evidence at Qualcomm's San Diego headquarters.").

This factor, on a whole, weighs slightly against transfer.  Parthenon has shown that it and STMicro have evidence that is more accessible from the Eastern District of Texas than the Southern District of California.  HTC has not shown that Qualcomm has documents that are more accessible from the Southern District of California because it does not distinguish between San Diego and Raleigh on this factor.

### 2.      Cost of Attendance for Willing Witnesses

HTC claims that "[f]or the third-party Qualcomm witnesses located in San Diego, testifying in their home district would be clearly more convenient and less costly than making the more-than-1000-mile trip to Marshall."[3]  Dkt. No. 60 at 11.  In addition, HTC claims, for the

---

[3] The Court assesses the Qualcomm witnesses under this factor even though it is unclear whether Qualcomm will provide willing witnesses.  Mr. Reiner Klement stated for Qualcomm that "none of us could commit to appearing voluntarily in Marshall, Texas, as witnesses in these

named inventors and HTC witnesses, convenience and cost-of-travel favor transfer to San Diego. Dkt. No. 60 at 11.

Parthenon claims that Qualcomm's witnesses, like its documents, are likely in Raleigh or Austin.  Dkt. No. 96 at 9-10, 12; Dkt. No. 109 at 1-2.  Parthenon also claims that the named inventors, STMicro witnesses, and its own witnesses could attend a trial in Marshall with ease. Dkt. No. 96 at 6, 12-13; Dkt. No. 109 at 3-4.

"The convenience of the witnesses is probably the single most important factor in a transfer analysis."  *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).  While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis.  *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012).

"A district court should assess the relevance and materiality of the information the witness may provide."  *In re Genentech, Inc.*, 566 at 1343.  However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ."  *Id.* at 1343-44.

HTC states that this case relates to "memory sharing" technology, Dkt. No. 105 at 2, and because it has limited knowledge about the Snapdragon Chip architecture, it needs Qualcomm's

---

proceedings unless required by compulsory legal process."  Dkt. No. 60-32 ¶ 7.  HTC, however, has argued that the cost of requiring Qualcomm's witnesses to attend trial in Texas weighs in favor of transfer.  *See, e.g.*, Dkt. No. 105 at 5 (arguing that the "materiality of the inventors and Qualcomm employees in San Diego is undisputed" under the heading "The Cost of Attendance for Willing Witnesses").

technical witnesses to address Parthenon's claims, Dkt. No. 60 at 8; Dkt. No. 105 at 1.[4]  These technical witnesses are in San Diego, HTC claims, because "[m]ost of the likely Qualcomm witnesses . . . with relevant knowledge concerning the design, development, marketing, and sales of the accused Qualcomm Snapdragon chip products are based in San Diego."  Dkt. No 60-32 ¶ 6; Dkt. No. 105 at 1.

HTC's evidence does not show that Qualcomm's witnesses are in San Diego.  It shows that some witnesses with knowledge on any of the "design, development, marketing, and sales" of the Snapdragon Chip are in San Diego, and that some witnesses with general knowledge about the "design" or "development" of the Snapdragon Chip are also in San Diego.  Those statements do not show that witnesses with specific knowledge about "memory sharing" in the Snapdragon Chip are in San Diego and not, for example, in Raleigh or elsewhere.  *See* Dkt. No. 96 at 3 ("Qualcomm calls its North Carolina design center the 'dragon's lair—home to Qualcomm's Snapdragon SoC/CPU development.'") (quoting Dkt. No. 96-4 at 1); *see also* Dkt. No. 105 at 2 (arguing that Qualcomm's employees who work in Austin are not relevant to this case because they do not work on "memory sharing" but work on "digital signal processor" technology).

Similarly, Mr. Reiner Klement,[5] a Qualcomm executive, states that Qualcomm's "US-based engineering teams who design or develop the ARM-based processors used in the Snapdragon chip products are either located in California or Raleigh, North Carolina."  Dkt. No.

---

[4] The evidence suggests that in Qualcomm's view Parthenon's claims relate to "video processing" technology but Mr. Klement's declaration does not identify where the relevant witnesses with knowledge on "video processing" technology are located.  Dkt. No. 60-32 ¶ 7.

[5] Mr. Klement is a Vice President, Product Management, at Qualcomm.  He is responsible for managing its portfolio of Snapdragon chip products.  Dkt. No. 60-32 ¶ 1.  HTC states that Mr. Klement is a foreseeable witness in this case.  Dkt. No. 60 at 3.

60-32 ¶ 6.  He also states that "[t]he product management and administrative teams are [] largely based in San Diego."  Dkt. No. 60-32 ¶ 5.

Those statements show that Qualcomm's engineering teams are based on opposite ends of the country, and that Qualcomm's managers and administrators are based primarily in San Diego.  Indeed, Mr. Klement's statement that Qualcomm's "ARM-based processor teams" are based in both California and Raleigh suggests that it is equally likely for a Qualcomm technical witness to be in California or North Carolina.

As to the remaining third-party witnesses, HTC has shown that it would be more convenient for three named inventors to attend trial in San Diego but Parthenon has shown that it would be more convenient for four STMicro witnesses to attend trial in Marshall.  Parthenon cannot dispute that several named inventors live in California.  Dkt. No. 96 at 13.  HTC does not dispute that STMicro's witnesses work in Coppell.  *See* Dkt. No. 105 at 3.[6]

To the extent that transfer to the Southern District of California would be convenient for a Party witness, Parthenon has shown that Marshall is convenient for its witness and that San Diego is not convenient for at least some HTC witnesses.  HTC does not dispute that Parthenon's CEO, Mr. Marvin Key, lives in Texas and works in this District.  Dkt. No. 96-26 ¶ 2; *compare* Dkt. No. 96 at 9; *with* Dkt. No. 105 at 4.  HTC also cannot dispute that, to attend trial, some of its witnesses would need travel from Taiwan.  Dkt. No. 60-31 ¶ 8.  A witness from Taiwan would find travel to San Diego only fractionally more convenient than travel to Marshall.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009).

This factor weighs slightly against transfer.  Parthenon has shown that the Eastern District of Texas would be more convenient for STMicro, Mr. Key, and any Qualcomm

---

[6] Parthenon also has evidence that one of the named inventors will appear for trial in Marshall.  Dkt. No. 96-28.

witnesses in Raleigh.   *See also* Dkt. No. 96 at 12 (stating that Mr. Raul Diaz, an inventor, will willingly attend trial in Marshall).  HTC has shown that the Southern District of California would be more convenient for some named inventors and Mr. Klement and slightly more convenient for an HTC witness in Washington.

### 3.      Availability of Compulsory Process to Secure the Attendance of Witnesses

Rule 45 provides that this Court may command a person who "resides, is employed, or regularly transacts business in person" in Texas to attend trial in Marshall if that person "would not incur substantial expense."  Fed. R. Civ. P. 45(c)(1)(B).  This Court also may command a person to attend a deposition "with 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45 (a)(2); *see id.* (c)(1)(A), (d)(3)(a). Party witnesses do not require compulsory process, and the Court's analysis of this factor focuses on third-party witnesses for whom compulsory process to attend trial might be necessary.

The Eastern District of Texas has subpoena power over four STMicro witnesses.  The Southern District of California has absolute subpoena power over Mr. Klement and one named inventor.  The Southern District of California also has subpoena power over two inventors in Northern California.  Neither District has subpoena power over any Qualcomm witnesses in Raleigh.  This factor is neutral as to transfer.

### 4.      All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The Court finds that judicial economy weighs against transfer because when HTC filed this motion, two related cases involving the same patents and technology were pending before the Court without venue issues.  *See, e.g.*, *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("The district court could properly consider the benefits to judicial economy arising from having the same

judge handle both Oasis' suits against the petitioners and Oasis' suits against other parties involving the same patents and technology as to which there was no issue of transfer.").

## C.    Public Interest Factors

### 1.    Administrative Difficulties Flowing From Court Congestion

The Court finds this factor weighs slightly against transfer.  The time to trial in this District and the Southern District of California are similar.  Dkt. No. 60 at 13.  But HTC filed this motion five months after it received summons and only after the Parties had exchanged infringement and invalidity contentions.  Dkt. No. 10.

### 2.    Local Interest in Having Localized Interests Decided at Home

The Court finds this factor is neutral as to transfer.  Two named inventors work for a Texas company in California.  Dkt. No. 60-8 at 1; Dkt. No. 60-14 at 1.   Qualcomm designs chips in both Austin and San Diego.  Parthenon operates in Texas and is related to a California company.  Neither party can dispute that both Texas and California have an interest in this case.

### 3.    Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Parties do not dispute that these factors are neutral as to transfer.  Dkt. No. 60 at 14; Dkt. No. 96 at 15.

## CONCLUSION

A motion to transfer venue should only be granted upon a showing that one venue is "clearly more convenient" than another.  *In re Nintendo Co.*, 589 F.3d at 1197; *In re Genentech, Inc.*, 566 F.3d at 1342 (Fed. Cir. 2009).  After weighing the evidence as a whole, the Court finds that this case should remain in the Eastern District of Texas because transfer to the Southern District of California would not be "clearly more convenient" for either the Parties or third-

parties.  HTC's Motion to Transfer (Dkt. No. 60) is therefore **DENIED**, and HTC's Motion to Stay Pending Motion to Transfer (Dkt. No. 61) is **DENIED AS MOOT**.

**SIGNED this 5th day of August, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE