**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § § § | **Case No. 2:14-cv-690-RSP** **(Lead)** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **HTC CORPORATION and HTC AMERICA, INC.,** | § § § | |
| **LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.** | § § § | **Case No. 2:14-cv-691-JRG-RSP** **(Consolidated)** |
| **Defendants.** | § | |

### JOINT MOTION TO STAY BY DEFENDANTS HTC CORPORATION, HTC AMERICA, INC., LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A., INC.

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ................................................................................................3

        A.      Factual and procedural background ........................................................3

        B.      Overview of IPR proceedings.................................................................5

III.    ARGUMENT.....................................................................................................6

        A.      A stay will not unduly prejudice or tactically disadvantage PUMA ......................7

        B.      The IPRs will simplify and clarify this litigation...................................11

        C.      The litigation is in its relatively early stages .......................................13

IV.     CONCLUSION.................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Capriola Corp. v. LaRose Indus., LLC*,
No. 8:12-cv-2346, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) ......................................6, 11

*Click-to-Call Tech. v. Oracle Corp*.,
No. 1:12-cv-00468, D.I. 159 (W.D. Tex., Nov. 26, 2013) .........................................................6

*Datatreasury Corp. v. Wells Fargo & Co*.,
490 F. Supp. 2d 749 (E.D. Tex. 2006) ................................................................................8, 11

*Destination Maternity Corp. v. Target Corp*.,
No. 12-5680, 2014 U.S. Dist. LEXIS 38148 (E.D. Pa. Mar. 24, 2014).........................5, 9, 13

*e-Watch Inc. v. ACTi Corp*.,
Civ. A. SA-12-CA-695, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013).................................13

*e-Watch, Inc. v. Lorex Can., Inc*.,
No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013)...........................................6, 8

*Emtel, Inc. v. Lipidlabs, Inc*.,
No. 07-cv-01798, 2013 WL 1707678 (S.D. Tex. Apr. 19, 2013)...........................................13

*Everything for Love.com, Inc. v. Tender Loving Things, Inc*.,
No. 02-2605, 2006 WL 2091706 (D. Ariz. July 21, 2006).......................................................9

*Evolutionary Intelligence LLC v. Yelp Inc*.,
No. C-13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013)......................................6, 7, 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc*.,
721 F.3d 1330 (Fed. Cir. 2013).............................................................................................11

*Interface, Inc. v. Tandus Flooring, Inc*.,
No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013)..................................................6

*NFC Technology LLC v. HTC America, Inc., et al.*,
2015 U.S. Dist. LEXIS 29573 (E.D. Tex. Mar. 11, 2015)............................................. *passim*

*Norman IP Holdings, LLC v. TPLink Techs., Co*.,
No. 6:13-CV-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)............................5, 8, 10

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Norred v. Medtronic, Inc.*,
No. 13-2061, 2014 WL 554685 (D. Kan. Feb. 12, 2014) ..........................................................6

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*,
No. 13-02980, 2013 WL 869591 (N.D. Cal. Mar. 14, 2014) .............................................5, 11

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ......................................6, 13

*Star Envirotech, Inc. v. Redline Detection, LLC*,
No. 12-cv-01861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ............................................6

*Ultratec, Inc. et al. v. Sorenson Communications, Inc. et al.*,
3-13-cv-00346 (W.D. Wis. May 13, 2015)..............................................................................12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)..................................................................................... *passim*

**Statutes**

35 U.S.C.
§ 6...........................................................................................................................................5
§ 102(a) ..................................................................................................................................4
§ 102(b) ..................................................................................................................................4
§ 102(e) ..................................................................................................................................4
§ 311.......................................................................................................................................5
§§ 311-19 ...............................................................................................................................4
§ 311(b)...................................................................................................................................5
§ 315(e)(2) .........................................................................................................................8, 10
§ 316(a) ...................................................................................................................................5
§ 316(a)(11) ............................................................................................................................5

America Invents Act, Pub. L. No. 112-29, 125 Stat. 299 (2011) ...................................................4

**Other Authorities**

37 C.F.R.
§ 42.51.....................................................................................................................................5
§ 42.53.....................................................................................................................................5

157 Cong. Rec.
S952 (daily ed. Feb. 28, 2011)................................................................................................6
S5319 (daily ed. Sept. 6, 2011)...............................................................................................6

Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC"), and LG Electronics, Inc., and LG Electronics U.S.A., Inc. (collectively, "LG") respectfully request a stay of this action until the U.S. Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("PTAB") concludes the *Inter Partes* Review ("IPR") of the five asserted patents remaining in this litigation brought by Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA"): U.S. Patent Nos. 5,812,789 ("'789 Patent"), 7,321,368 ("'368 Patent"), 7,542,045 ("'045 Patent"), 7,777,753 ("'753 Patent"), and 5,960,464 ("'464 Patent") (collectively, "Patents-in-Suit").[1]

## I.    INTRODUCTION

On June 24, 2015, defendants HTC, LG and Samsung (collectively, "Defendants") filed IPR petitions on the '368, '045 and '753 patents.[2]  On September 22, 2015, Samsung filed IPR petitions on the '789 and '464 patents.  The petitions were directed at all claims then asserted against the Defendants.  Each petition with the PTAB  demonstrates that each asserted claim of the Patents-in-Suit is invalid.  On January 6, 2016, the PTAB instituted IPRs on the three petitions that were filed on June 24, 2015—specifically, all claims of the '368 Patent asserted in this litigation, all claims of the '045 Patent asserted in this litigation, and asserted claims 1-4 of the '753 Patent.  Declaration of Curt Holbreich ("Holbreich Decl.") ¶¶3-5, Ex. 1-3, filed herewith.[3]  The PTAB's institution decisions for the remaining '789 and '464 asserted patents are expected by no later than March 31, 2016.  Because the '789 and '464 Patents are related to

---

[1] On October 21, 2015, PUMA filed motions to amend its infringement contentions against HTC and LG in which it dropped four of the nine patents it originally asserted (U.S. Patent Nos. 6,058,459; 6,427,194; 8,681,164; 8,054,315), and accordingly, only the five aforementioned patents remain in the case.
[2] HTC, LG and Samsung also filed IPR petitions on that date against the '164 and '315 patents, both of which were subsequently dropped by PUMA.
[3] The PTAB did not institute the IPR for claims 7-10 and 12 of the '753 Patent; however, on January, 20, 2016, Defendants timely filed a motion for rehearing on these claims on grounds of clear error by the PTAB.  Holbreich Decl. ¶6, Ex. 4.  A decision on that motion is pending.

the patents for which the PTAB has already instituted IPRs, Defendants have a reasonable expectation that the PTAB will institute IPRs on these asserted patents as well.

In the interest of judicial economy and avoiding wasteful litigation, HTC and LG are diligently filing this motion to stay this case pending the completion of the IPRs, all of which by statute are to be completed within 12 months of institution.[4]  All three factors governing the appropriateness of a stay favor granting this motion.

First, PUMA will not suffer any undue prejudice from a stay.  Courts consistently hold that the delay inherent in an IPR does not constitute undue prejudice, especially where, as here, PUMA does not practice the Patents-in-Suit and does not make or sell any products—and thus does not compete with HTC or LG.

Second, a stay will simplify the litigation by substantially streamlining it or may eliminate it entirely.  By deciding to institute IPRs on three of the Patents-in-Suit, the PTAB has already made the determination that it is reasonably likely that the instituted claims in these patents are invalid.  *See* 35 U.S.C. § 314(a) ("The Director may not authorize an inter partes review to be instituted unless . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.").  Consistent with the rigor of the PTAB's threshold determination for instituting an IPR, the vast majority—almost 90%—of cases in which the PTAB has instituted an IPR results in at least one claim being found invalid, with the majority of those cases resulting in all claims being found invalid.  Absent a stay, some or all of the work of the Court, the parties, and even jurors in this District will be wasted.  Even if

---

[4] On February 5, 2016, Samsung filed a separate motion to stay its case brought by PUMA on the same grounds sought here by HTC and LG.  Case No. 2:14-cv-902-JRG-RSP, Dkt. No. 157.  The Samsung case and the consolidated HTC and LG cases are proceeding under Docket Control Orders with identical pre-trial and trial dates.  *See* Dkt. No. 192 (HTC, LG); Case No. 2:14-cv-902-JRG-RSP, Dkt. No. 147 (Samsung).

the PTAB unexpectedly confirms all claims, a stay will still simplify the case because the IPRs can be expected to significantly reduce the invalidity issues that must be resolved in this litigation.

Third, a stay is appropriate since HTC and LG are timely filing this motion after their timely filed petitions have been granted, and after the Court has amended the docket control order to set trial eight months away in October 2016.  Further, under the new schedule, the parties still have nearly two months remaining to complete fact discovery.  To date, the parties have collectively conducted only a handful of depositions, and exchanged fact discovery pursuant to the patent local rules.  Most of the major work related to this case for the parties and the Court is yet to come — including additional fact discovery, all expert discovery, dispositive motions, and pre-trial and trial proceedings.  Indeed, even the scope of the case remains unresolved as a result of PUMA filing motions to amend its infringement contentions that, if granted, will result in a significant expansion of its infringement theories and the products accused of infringement.

Because all three factors support a stay, the Court should stay this case until the conclusion of the IPRs.

## II.    BACKGROUND

### A.    Factual and procedural background

PUMA filed complaints against HTC and LG on June 12, 2014 (Civil Action Nos. 2-14-cv-00690, and 2-14-cv-00691, respectively) and against Samsung on September 22, 2014 (Civil Action No. 2-15-cv-00902).  The status of these cases is as follows:

- PUMA served preliminary infringement contentions on each of the Defendants.

- Defendants served their invalidity contentions on PUMA.

- Claim constructions for LG, HTC and Samsung have been ordered.

- Only six party and third-party depositions have been conducted, with others noticed but not scheduled.

- No dispositive motions have been filed.

- No expert discovery has occurred.

- PUMA conducted discovery of Qualcomm, and subsequently filed motions for leave to supplement infringement contentions for Defendants in October and November of 2015. Defendants filed oppositions to PUMA's motions and the Court has yet to decide the motions.

- Defendants and PUMA filed joint motions to amend the docket control order and extend the trial date, which the Court granted on December 21 and 22, 2015.

- The extended date for the close of fact discovery is March 25, 2016.

- The extended date for the close of expert discovery is May 6, 2016.

- The extended date for trial is October 3, 2016.

On June 24, 2015, HTC, LG and Samsung filed petitions for IPR, asking the PTAB to invalidate all asserted claims for the '368, '045, and '753 Patents based on prior art references under pre-AIA 35 U.S.C. §§ 102(a), 102(b), and 102(e).[5]  None of these references, alone or in combination, was considered by the PTO during the prosecution of these patents.  On January 6, 2016, the PTAB granted Defendants' petitions for IPR for all asserted claims of the '368 and '045 Patents, and for asserted claims 1-4 of the '753 Patent, finding a reasonable likelihood that Defendants would prevail in showing that the asserted claims were invalid.  The PTAB did not institute the IPR for asserted claims 7-10 and 12 of the '753 Patent; however, on January, 20, 2016, Defendants timely filed a motion for rehearing on these claims on grounds of clear error by the PTAB.  *See* Holbreich Decl. ¶6, Ex. 4.  A decision on that motion is pending.

---

[5] HTC, LG and Samsung also filed petitions for IPR on the '164 and '315 Patents, but PUMA dropped these patents from the cases against HTC and LG on October 21, 2015.

On September 22, 2015, Samsung filed petitions for IPR on all asserted claims for the

'789 and '464 Patents, based on prior art references under pre-AIA 35 U.S.C. §§ 102(a), 102(b),

and 102(e).  None of these references, alone or in combination, was considered by the PTO in the

prosecution of these patents.  The PTAB is expected to decide on institution of these asserted

patents by March 31, 2016.  The '789 and '464 Patents are related to each other and to those

patents for which the PTAB has already instituted IPRs.  Moreover, the '789 Patent is

incorporated by reference into the patents for which the IPRs have been instituted.  Given the

relationships between patents, Defendants reasonably expect the PTAB to institute the IPRs for

the '789 and '464 Patents as well.

### B.       Overview of IPR proceedings

IPR is a procedure that replaces the *inter partes* reexamination procedure for challenging

the validity of patents.  *See* 35 U.S.C. §§ 311-19 (2006), replaced by the America Invents Act

("AIA"), Pub. L. No. 112-29, 125 Stat. 299 (2011).  The IPR procedure allows a full adversarial

challenge—including an oral hearing and discovery—to the validity of a patent based on prior art

patents and printed publications.  35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53.  Each

IPR is conducted before a panel of technically trained patent judges who are part of the PTAB.

35 U.S.C. §§ 6, 311.

IPRs usually result in the cancellation of one or more claims.  For IPRs in which the

PTAB instituted a trial and issued a final written decision, at least one claim was invalidated

86.9% of the time and all challenged claims were invalidated 72.3% of the time.  (Holbreich

Decl. ¶ 7, Ex. 5.)  IPR is a quick proceeding with statute-mandated deadlines, which in totality

must be completed no later than 12 months after institution of the IPR.  35 U.S.C. § 316(a)(11).

The PTAB may extend this deadline by up to six months for "good cause," but seldom does so.

Holbreich Decl. ¶ 8, Ex. 6).  Thus, IPR is more expeditious than the previous *inter partes* reexamination procedure for which the average pendency was about three years.

## III.    ARGUMENT

District courts in Texas and across the country have done exactly what this motion requests—exercise the Court's discretion to grant a motion to stay pending the resolution of instituted IPRs.  Courts typically consider three factors when determining whether to grant a stay pending IPR:  (1) whether the stay will unduly prejudice the nonmoving party, (2) whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.  *See VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014); *NFC Tech. LLC v. HTC America, Inc.*, 2015 U.S. Dist. LEXIS 29573, at *20 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation) (holding that district court decisions following *VirtualAgility* show a "near-uniform line of authority [reflecting] the principal point made by the court in VirtualAgility—that after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed.") (citing more than twenty five cases post-*VirtualAgility* to support his opinion); *Norman IP Holdings, LLC v. TPLink Techs., Co*., No. 6:13-CV-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (*citing Soverain Software LLC v. Amazon.com, Inc*., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).[6] Here, all three factors weigh in favor of a stay.

---

[6] *See also, e.g., Destination Maternity Corp. v. Target Corp*., No. 12-5680, 2014 U.S. Dist. LEXIS 38148 (E.D. Pa. Mar. 24, 2014); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc*., No. 13-02980, 2013 WL 869591 (N.D. Cal. Mar. 14, 2014); *Norred v. Medtronic, Inc*., No. 13-2061, 2014 WL 554685 (D. Kan. Feb. 12, 2014); *Evolutionary Intelligence LLC v. Yelp Inc*., No. C-13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013); *Click-to-Call Tech. v. Oracle Corp*., No. 1:12-cv-00468, D.I. 159 (W.D. Tex., Nov. 26, 2013) (order granting motion to stay); *Interface, Inc. v. Tandus Flooring, Inc*., No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013); *e-Watch, Inc. v. Lorex Can., Inc*., No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-cv-01861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013); *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346, 2013 WL 1868344

**A.     A stay will not unduly prejudice or tactically disadvantage PUMA**

The first factor favors a stay because PUMA will not suffer any undue prejudice or tactical disadvantage from the stay.  "Courts have held that the mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay."  *Semiconductor Energy*, 2012 WL 7170593, at *3 (citation and quotation omitted); *see also Norred*, 2014 WL 554685, at *4.  These holdings are particularly applicable in the context of IPR, as any "delay caused by the new IPR procedure is *significantly* less than the delay caused by the old procedure."  *Star Envirotech*, 2013 WL 1716068, at *2 (citation and quotation omitted) (emphasis added).  Indeed, Congress replaced the *inter partes* reexamination procedure with the IPR procedure with the intent to provide a "faster, less costly alternative[] to civil litigation to challenge patents."  157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement of Sen. Chuck Grassley).  Congress further stated that the new post-grant review procedures, including IPR, were meant to be "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field."  157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement of Sen. Jon Kyl).

The Federal Circuit has held in the closely analogous context of a stay pending Covered Business Method ("CBM") review that "whether the patentee will be unduly prejudiced by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim."  *VirtualAgility*, 759 F.3d at 1318.  This District has since recognized that "[i]n light of the parallel policies underlying the CBM and inter partes review proceedings, it is not surprising that courts have applied generally similar analysis to requests for stays in both settings," and that "since the circuit court's decision in VirtualAgility, ***courts have been nearly uniform in granting motions***

(M.D. Fla. Mar. 11, 2013); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012).

*to stay* proceedings in the trial court after the PTAB has instituted inter partes review proceedings." *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573 at *18 (emphasis added) (citing at least seventeen district court decisions since VirtualAgility granting motions to stay proceedings after institution of IPRs, and at least seven district court decisions granting motions to stay proceedings after institution of CBMs).

As the Federal Circuit noted, the fact that plaintiff did not seek a preliminary injunction "weigh[ed] against [its] claims that it w[ould] be unduly prejudiced by a stay." *VirtualAgility*, 759 F.3d at 1319.  Here, as in *VirtualAgility*, PUMA did not move for preliminary injunctive relief.  If PUMA prevails in this case, it will be adequately compensated with damages, which will continue to accrue while the case is stayed.  *See Evolutionary Intelligence*, 2013 WL 6672451, at *8 ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.") (internal quotation marks omitted) (citing cases); *see also VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled . . . —it only delays realization of those damages and delays any potential injunctive remedy.").  That fact, too, undercuts any claim that PUMA will be unduly prejudiced by a stay.

In addition, PUMA will not suffer any prejudice because it is purely a patent licensor that does not compete with Defendants.  In other cases involving non-competitors, courts have found that this factor "strongly favor[s] granting the stay" based on the following reasoning:

> If the parties are not competitors (meaning that the plaintiff does not market any products or services covered by the claims of the patents-in-suit and does not seek a preliminary injunction), the plaintiff does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the status quo ante with monetary relief.

*Evolutionary Intelligence*, 2013 WL 6672451, at *8 (citing cases).  Accordingly, any delay caused by a stay will not prejudice or tactically disadvantage PUMA because PUMA, a non-practicing entity with no products or services related to the asserted patents, does not compete with Defendants.

In fact, courts in this District have recognized that during a stay pending IPR, "the potential for avoiding potentially moot discovery will benefit both parties."  *Norman IP*, 2014 WL 5035718, at *2.  Moreover, as this Court noted in *Datatreasury Corp. v. Wells Fargo & Co.*, the estoppel effect of reexamination proceedings further eliminates any prejudice to plaintiff. 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006).  In this case, if Defendants' petitions result in a final written decision from the PTO, estoppel may apply to invalidity grounds raised or that reasonably could have been raised in the IPR proceeding.  *See* 35 U.S.C. § 315(e)(2).  Thus, the IPR proceeding should reduce the number of invalidity arguments that plaintiff will be required to rebut, and the number of arguments that this Court must adjudicate.  *See, e.g.*, *e-Watch, Inc. v. Lorex Canada, Inc.*, 2013 WL 5425298, at *1 (S.D. Tex. Sept. 26, 2013) (acknowledging this advantage when agreeing in principle to a stay pending IPR of litigation against its competitors, subject only to a dispute about the scope of estoppel).  Here, because Defendants may be subject to estoppel under § 315(e)(2), this factor strongly favors a stay.  *Norman IP*, 2014 WL 5035718, at *2.

Finally, HTC and LG have acted expeditiously in filing the IPRs and seeking a stay — there is no dilatory motive.  *See VirtualAgility*, 759 F.3d at 1319 (noting that defendant's prompt filing of its petition for review and motion to stay demonstrated the absence of a dilatory motive.).  As soon as PUMA filed its complaint, HTC and LG began investigating prior art to prepare invalidity contentions, and served their invalidity contentions on PUMA.  Defendants

subsequently filed IPR petitions on June 24 and Samsung on September 22, 2015.  After the

PTAB decided to institute IPRs of three of the Patents-in-Suit, Defendants met and conferred

with PUMA on February 4 and 5, 2016, and is filing this motion shortly thereafter.  Courts grant

motions to stay based on similar facts.  *See, e.g., Destination Maternity*, 2014 U.S. Dist. LEXIS

38148, at *9–11.

While a stay will not unduly prejudice PUMA, the failure to stay the case will unduly

prejudice HTC and LG.  HTC and LG will be forced to expend substantial sums litigating

numerous claims that the PTAB has already determined are reasonably likely to be invalid.  For

IPRs in which the PTAB instituted a trial and issued a final written decision, the PTAB found all

instituted claims invalid in 72.3% of the instituted IPRs, and at least one claim invalid in 86.9%

of the instituted IPRs.  (Holbreich Decl. ¶ 7, Ex. 5.)

HTC and LG could also be prejudiced because, despite the likelihood that the PTAB will

invalidate some or all of the asserted claims, judgments could be entered in PUMA's favor

before the completion of the IPRs potentially requiring them to pay damages.  HTC and LG may

have no practical way to recover those damages from non-practicing PUMA, should the PTAB

later determine that PUMA's asserted claims are invalid.  *See, e.g., Everything for Love.com, Inc.

v. Tender Loving Things, Inc*., No. 02-2605, 2006 WL 2091706, at *3–4 (D. Ariz. July 21, 2006).

Thus, HTC and LG could be required to pay a judgment on invalid claims without the ability to

recover the money paid.  Courts have held that "[s]uch an outcome is unacceptable."  *Id*. at *4

(citation omitted).  Accordingly, this factor favors a stay because PUMA will suffer no undue

prejudice or tactical disadvantage.  In contrast, not granting a stay here will unduly prejudice

HTC and LG.

### B.      The IPRs will simplify and clarify this litigation

The second factor also favors a stay because the PTAB's final written decision will simplify and streamline this litigation regardless of the outcome.  In the context of a stay pending CBM review, the Federal Circuit has noted that the institution of review "weighs heavily in favor of granting the stay."  *VirtualAgility*, 759 F.3d at 1314.  This District has also held that even where the PTAB has instituted IPRs on only some, but not all asserted claims in a case, "the 'simplification' factor cuts strongly in favor of granting a stay in this case pending the completion of the inter partes review process."  *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573 at *23.  As the court in *Norman IP* noted, "[s]taying the litigation pending the PTAB's determination of the validity of all the asserted claims of the three patents-in-suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal."  2014 WL 5035718, at *3.

Assuming that the case is not settled or dismissed before the PTAB reaches a final written decision, three possible outcomes exist—any of which would benefit the Court and the parties and weighs in favor of a stay.  ***First***, if the PTAB invalidates all asserted claims, this case will be over and all other co-pending cases that PUMA has filed will be over.  *See VirtualAgility*, 759 F.3d at 1314–15 (noting that a successful CBM review "would not just reduce the burden of litigation on the parties and the court—it would entirely eliminate it.").  ***Second***, if the PTAB rejects or amends some of the claims, the case will be simplified because the original claims will no longer be at issue in the litigation or any of the other PUMA litigations.  *See NFC Tech.*, 2015 U.S. Dist. LEXIS 29573 at *13 ("[I]f the proceedings result in cancelation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether.").  ***Third***, even if the PTAB confirms all of the claims, HTC and LG may be estopped from asserting invalidity "on any ground that the petitioner raised or reasonably could

have raised during that *inter partes* review." 35 USC 315(e)(2); *see also NFC Tech.*, 2015 U.S.

Dist. LEXIS 29573 at *13.[7] Thus, the invalidity arguments will inevitably be simplified. Under

each of these scenarios, IPR will simplify the litigation by adding prosecution history that will

likely inform claim construction and other issues, such as intervening rights (which impacts

damages). Conversely, if the Court does not grant the stay, progress in this case may be

undermined by claim amendments made during the IPR or by the PTAB's claim constructions.

*See, e.g., VirtualAgility*, 759 F.3d at 1314 (noting that a patent owner's claim amendments at the

PTAB could make claim construction "a moving target.").

Even before the Federal Circuit provided its guidance in *VirtualAgility*, Courts in this

District and elsewhere have identified seven advantages to staying litigation and shifting certain

questions of patent invalidity to the PTO:

> [1] All prior art presented to the Court will have been first considered by the PTO, with its particular expertise;
> [2] many discovery problems relating to prior art can be alleviated by the PTO examination;
> [3] in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;
> [4] the outcome of the reexamination [or review] may encourage a settlement without the further use of the Court;
> [5] the record of reexamination [or review] would likely be entered at trial, thereby reducing the complexity and length of the litigation;
> [6] issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination or review; and
> [7] the cost will likely be reduced both for the parties and the Court.

*Datatreasury*, 490 F. Supp. 2d at 754; *see also Capriola*, 2013 WL 1868344, at *1 (identifying

same factors and granting a stay pending IPR); *Riverbed*, 2014 WL 1647399, at *2–3 (same).

---

[7] Although neither HTC nor LG is a party to Samsung's IPR petitions on the '789 and '464 patents, should this motion for stay be granted, both HTC and LG will agree to be bound to the same extent Samsung will be statutorily bound by the outcome of the IPR proceedings on the '789 and '464 patents pursuant to 35 U.S.C. § 315(e)(2).

Finally, the Federal Circuit's decision in *Fresenius USA, Inc. v. Baxter Int'l, Inc.* provides another reason to stay the case.  721 F.3d 1330 (Fed. Cir. 2013).  The Federal Circuit held that where the execution of a damages award has not yet occurred and the decision is not yet final—in that case, the award was on appeal to the Federal Circuit—district courts must give effect to the PTO's invalidity determination.  *Id*. at 1343.  Even if the parties' disputes progress more quickly in the district court than in the PTO, the IPR decision will ultimately govern, rendering all the Court's and parties' work in this action for naught.  *See Ultratec, Inc.  v. Sorenson Communications, Inc. et al.*, 3-13-cv-00346, at *10 (W.D. Wis. May 13, 2015) (granting a renewed motion to stay pending IPR at a very late stage of litigation—*after* a jury found the asserted patents valid, determined the defendants infringed all asserted claims, and awarded $44 million in damages—in order to further "avoid a needless waste of judicial resources" and prevent inconsistent results that may result if the judgment in the case and the PTAB's IPR decisions were appealed at the Federal Circuit at the same time).  Before the Court and the parties expend unnecessary resources, the PTO should be allowed to complete its review, which will narrow the issues and possibly eliminate them altogether.

In sum, the second factor favors a stay because a stay will simplify the issues remaining at the conclusion of the IPR proceedings.

### C.      The litigation is in its relatively early stages

The third factor favors a stay because HTC and LG filed their motion at a relatively early stage of this action, a point at which a stay would maximize judicial efficiency.  For purposes of this factor, "the time of the motion is the relevant time to measure the stage of litigation." *VirtualAgility*, 759 F.3d at 1317.  This District has granted a motion to stay where, "[b]y the time the motion to stay was filed, the parties had engaged in significant discovery, and claim construction briefing was complete," but "fact discovery does not close for another month, and

13

significant pretrial discovery, filings, motions, and other events remain to be completed before the scheduled trial date . . . ."  *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573 at *9-10.  As the Court has entered the parties' joint motion to amend the docket control order, the date for the close of fact discovery is not until March 25, 2016, the date for the close of expert discovery is not until May 6, 2016, and trial is set in October 3, 2016.  No party has filed a dispositive motion, and only three depositions of PUMA witnesses have taken place collectively between Defendants.

Courts routinely stay cases in similar, or even more advanced, stages.  For example, in *NFC Tech.*, the scheduled trial was six months away and the discovery deadline was one month away at the time the stay was granted.  *Id.*  In *VirtualAgility*, the Federal Circuit found that this factor weighed in favor of a stay where "jury selection was a year away."  759 F.3d at 1317.  In *e-Watch Inc. v. ACTi Corp*., a court in the Western District of Texas observed that although the plaintiff filed the case more than a year before, the only discovery that had taken place was an exchange of preliminary disclosures, and the serving of written discovery and document requests.  Civ. A. SA-12-CA-695, 2013 WL 6334372, at *7 (W.D. Tex. Aug. 9, 2013).  The court found that "[c]ontinuing to prosecute this case is likely to result in the unnecessary expenditure of the parties' and the Court's resources on claims and issues that could be resolved or changed as a result of the IPR proceedings."  *Id.*

The reasons for focusing on the stage of litigation are simple:  when substantial work remains unfinished, a stay will conserve both the court's and the parties' resources.  These reasons are so compelling that courts grant stays in cases further along than this one to prevent a further waste of the court's and the parties' resources.  *See, e.g., Emtel, Inc. v. Lipidlabs, Inc*., No. 07-cv-01798, 2013 WL 1707678, at *6 (S.D. Tex. Apr. 19, 2013) (granting a stay pending resolution of *inter partes* reexamination after court conducted the *Markman* hearing);

*Destination Maternity*, 2014 U.S. Dist. LEXIS 38148, at *18–19 (citing numerous cases and noting that although "the parties have already conducted a significant amount of discovery," this factor weighs in favor of a stay "if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation").  Accordingly, this factor weighs in favor of a stay: "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court."  *Semiconductor Energy*, 2012 WL 7170593, at *5 (citations omitted).

## IV.    CONCLUSION

All three factors favor a stay of this case pending IPRs of the Patents-in-Suit: PUMA will suffer no prejudice or tactical disadvantage, a stay will simplify the case, and this case is in its relatively early stages.  Accordingly, this Court should stay this case until the conclusion of the IPRs.

Dated:  February 9, 2016

Respectfully submitted,

 /s/Smith R. Brittingham IV
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Andy Sonu (pro hac vice)
Smith R. Brittingham IV (pro hac vice)
Rajeev Gupta (pro hac vice)
Aidan C. Skoyles (pro hac vice)
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, N.W. Washington,
D.C. 20001-4413
Telephone: (202) 408-4000

Facsimile: (202) 408-4400
Email: andy.sonu@finnegan.com
smith.brittingham@finnegan.com
raj.gupta@finnegan.com
aidan.skoyles@finnegan.com

**ATTORNEYS FOR DEFENDANTS LG
ELECTRONICS, INC. AND LG
ELECTRONICS U.S.A., INC.**


  /s/Curt Holbreich
Michael J. Bettinger
CA State Bar No. 122196
Curt Holbreich
CA State Bar No. 168053
Sidley Austin, LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
mbettinger@sidley.com
curt.holbreich@sidley.com

Eric Hugh Findlay
Debra Elaine Gunter
Findlay Craft PC
102 N College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
dgunter@findlaycraft.com

**ATTORNEYS FOR DEFENDANTS
HTC CORPORATION AND
HTC AMERICA, INC.**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 9th day of February, 2016.

*/s/      Curt Holbreich*
Curt Holbreich

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rules CV-7(h) and (i), counsel for HTC and LG met and conferred telephonically and through email with counsel for the Plaintiff on February 4 and 5, 2016, in a good faith attempt to resolve the matters raised by this motion.   Plaintiff indicated it opposed this motion.  Therefore, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

*/s/      Curt Holbreich*
Curt Holbreich