**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § § § | **Case No. 2:14-cv-690-JRG-RSP (Lead)** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **HTC CORPORATION and HTC AMERICA, INC.,** | § § § § | |
| **LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC.** | § § § | **Case No. 2:14-cv-691-JRG-RSP (Consolidated)** |
| **Defendants.** | § | |

**PLAINTIFF PARTHENON UNIFIED MEMORY ARCHITECTURE LLC'S RESPONSE
IN OPPOSITION TO DEFENDANTS HTC CORPORATION, HTC AMERICA, INC.,
LG ELECTRONICS, INC., AND LG ELECTRONICS USA, INC.'S MOTION TO STAY**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................... 1

II.  PROCEDURAL BACKGROUND............................................................................ 2

   A.   The Pending Litigation................................................................................... 2

   B.   *Inter Partes* Review. ...................................................................................... 4

III. LEGAL STANDARD.............................................................................................. 5

IV.  ARGUMENT ........................................................................................................... 6

   A.   PUMA Will Be Unduly Prejudiced by a Stay, Giving Defendants an Unfair ..... Tactical Advantage......................................................................................... 6

     1.   Defendants Have Not Been Diligent, and the Resulting Delay Would Be Prejudicial to PUMA....................................................................... 6

     2.   A Stay Would Deny PUMA Its Chosen Forum and Unduly Prejudice Its Efforts to Timely Enforce Its Patent Rights.............................. 8

     3.   A Stay Will Stale the Evidence. .................................................. 9

     4.   Defendants Are Wrong when They Argue that PUMA Will Not Suffer Prejudice. .. 10

   B.   Staying Litigation Pending The Petitions For IPR Would Not Simplify The Issues Before This Court....................................................................... 11

     1.   It is Speculative to Assume that Defendants' and Samsung's IPRs Will Have Any Meaningful Impact on the Issues for Trial. ............ 11

     2.   There Are No Efficiencies to Be Gained By Staying the Litigation. ......... 12

   C.   A Stay is Inappropriate Given the Advanced Stage of the Litigation............. 14

V.   CONCLUSION...................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612 (E.D. Tex. 2007) ................................................................. 9

*BarTex Research, L.L.C. v. FedEx Corp.*,
  611 F. Supp. 2d 647 (E.D. Tex. 2009) ................................................................. 5

*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
  388 F.3d 858 (Fed. Cir. 2004) ........................................................................... 13

*Clouding IP, LLC v. SAP AG*,
  No. 13-1456 (D. Del. Jan. 21, 2014) .................................................................. 10

*Cooper Notification, Inc. v. Twitter, Inc.*,
  No. 09-865, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ............................... 8, 9, 13

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  No. 13-453-SLR, 2015 WL 3773779 (D. Del. May 15, 2015) .................... 10, 11, 14

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
  No. 6:12-cv-00799, 2014 WL 4477393 (E.D. Tex. July 25, 2014) .................... 8, 14

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ........................................................................................... 5

*Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*,
  No. 2:13-cv-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ................ 8

*LML Patent Corp. v. JPMorgan Chase & Co.*,
  No. 08-cv-448, 2011 WL 11666476 (E.D. Tex. May 23, 2011) ...................... 11, 12

*NFC Tech. LLC v. HTC American, Inc.*,
  No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. March 11, 2015) ...................... 12

*Nken v. Holder*,
  556 U.S. 418 (2009) ........................................................................................... 5

*Norman IP Holdings, LLC v. TP-Link Techs. Co.*,
  No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ............................. 12

*Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*,
  No. 2:13-cv-213-JRG, 2015 WL 627887 (E.D. Tex. Jan. 29, 2015) ....................... 8

*ROY-G-BIV Corp. v. FANUC Ltd.*,
  2009 WL 1080854 (E.D. Tex. 2009) ................................................................. 15

*SCVNGR, Inc. v. eCharge Licensing, LLC*,
  No. 13-12418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014) ................................................. 11

*Softview LLC v. Apple et al.*,
  No. 10-389, 2012 WL 3061027 (D. Del. July 26, 2012) ...................................................... 9, 13

*Soverain Software, L.L.C. v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) .............................................................. 5, 11

*Trover Grp., Inc. v. Dedicated Micros USA*,
  No. 2:13-cv-1047, 2015 WL 1069179 (E.D. Tex. Mar.11, 2015) ...................................... 4, 6, 9

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
  No. 12-646, 2013 WL 5701529 (D. Del. Oct. 21, 2013) .......................................................... 6

*Unifi Scientific Batteries, v. Sony Mobile Communications AB, et al.*,
  No. 6:12-cv-224-JDL, 2014 WL 4494479 (E.D. Tex. January 14, 2014) .................. 7, 9, 13, 15

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  No. C 12-05501, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014) ................................................. 10

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
  No. 13-cv-011, 2014 WL 94371 (E.D. Tex. Jan. 9, 2014) ...................................................... 10

*Voltstar Tech., Inc. v. Superior Communications, Inc.*,
  No. 2:12-cv-00082-JRG, 2013 WL 4511290 ...................................................................... 9, 13

**Rules**

35 U.S.C. § 112 ............................................................................................... 14

35 U.S.C. § 311(b) ........................................................................................... 14

35 U.S.C. § 314(b) ............................................................................................. 5

35 U.S.C. § 315(b) ............................................................................................. 6

35 U.S.C. § 316(a) .......................................................................................... 7, 8

35 U.S.C. §§ 141(c) ........................................................................................... 7

35 U.S.C. §112 .................................................................................................................. 14

37 C.F.R. § 41.100(b) ....................................................................................................... 13

## I.    INTRODUCTION

Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA") hereby submits this response in opposition to Defendants HTC Corporation, HTC America, Inc., LG Electronics, Inc., and LG Electronics USA, Inc.'s (collectively, "Defendants") Motion to Stay.[1]  Dkt. No. 197.  A stay is not warranted under these circumstances.  No *inter parties* review ("IPR") has been instituted for two of the five asserted patents.  For the other three asserted patents, the PTAB has rejected Defendants' claims of anticipation and instead limited the grounds for instituting the IPR to only obviousness under § 103.  Moreover, the IPR does not even cover *five* of the asserted claims, ensuring a trial on the merits.  The factors to be considered—prejudice, case simplification and stage of the case—also weigh against a stay.

A stay will unduly prejudice PUMA by providing Defendants with an unfair tactical advantage.  Defendants have not been diligent, waiting nearly a year after being served with PUMA's Complaint before filing their IPR petitions, and then seeking a stay, based in part upon a second wave of IPR petitions filed by Samsung after Defendants' IPR deadline expired.[2]  Indeed, this case has been pending for over 20 months and final resolution of the instituted IPRs is not likely until 2019—three years after the October 2016 trial date.

Although Defendants speculate otherwise, the instituted IPRs will not simplify the issues before this Court, as they do not even address claims from three of the five asserted patents.  The PTAB has already rejected Defendants' challenge to five claims for one asserted patent, so a trial is certain.  Nor has there been a decision regarding Samsung's last-minute request for IPR as to

---

[1] Hereinafter, Defendants' Motion to Stay is referred to as "Motion" and exhibits thereto as "Defendants' Ex. __."  Exhibits to PUMA's Opposition are referred to as "Ex. __."

[2] PUMA has sued Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") for patent infringement in a separate lawsuit pending before this Court as Cause No. 2:14-cv-00902-JRG0RSP.  Although Defendants and Samsung jointly filed the IPRs for the '368, '045, and '753 patents, Defendants did not join the IPRs for the '789 and '464 patents filed in September 2015, because it was too late to do so in accordance with 35 U.S.C. § 315(b).

the remaining two asserted patents on which Defendants' motion is partially based, and thus, a majority of the asserted claims in this case are not (and may never be) subject to review by the PTAB. With jury selection set for October 2016, this case is nearing its final stages.  The Court entered its claim construction ruling on July 30, 2015.  Fact discovery closes next month, as the parties have engaged in substantial discovery (much involving third parties), served and supplemented infringement and invalidity contentions, answered interrogatories, conducted depositions, and produced over 500,000 documents.  At this advanced stage of this case, Defendants' motion should be denied.

## II.   PROCEDURAL BACKGROUND

### A.   The Pending Litigation.

PUMA filed this case on June 12, 2014, alleging that Defendants infringed, *inter alia*, U.S. Patent Nos. 5,812,789 ("the '789 Patent"), 5,960,464 ("the '464 Patent"), 6, 7,321,368 ("the '368 Patent"), 7,542,045 ("the '045 Patent") and 7,777,753 ("the '753 Patent").[3]  PUMA served the LG Defendants and the HTC Defendants on June 24, 2014.[4] The HTC Defendants answered in September 2014, and the LG Defendants answered in October 2014.[5]  On October 6, 2014, the LG and HTC cases were consolidated.[6]  *See* Dkt. 13.

PUMA served its infringement contentions on September 29, 2014, and the Court granted

---

[3] PUMA's initial complaint also asserted infringement of U.S. Patent Nos. 6,058,459 ("the '459 Patent"), 6,427,194 ("the '194 Patent"), 8,054,315 ("the '315 Patent"), and 8,681,164 ("the '164 Patent"), but those patents are no longer at issue in this case.  *See* Ex. 6, PUMA LG Complaint; Ex. 7, PUMA HTC Complaint.

[4] Ex. 10, LG Return; Ex. 11, HTC Return.

[5] Ex. 8, LG Defendants' Answer; Ex. 9, HTC Defendants' Answer.

[6] On November 30, 2015, PUMA filed a separate action against another LG entity, LGEMU, given LG's position that its mobile phone products were imported into the U.S. by LGEMU, and not LG.  PUMA has moved concurrently herewith to consolidate the LGEMU action with the first-filed LG action, given the identity of claims, defenses, counsel and discovery. LG and LGEMU do not oppose consolidation in principle, but they seek to delay the first-filed case to the later schedule, which PUMA opposes, given LGEMU's substantial participation in the first-filed action.  In view of the foregoing, for purposes of this opposition, PUMA will treat all of the LG entities collectively, as they are, and should be, similar situated for the reasons set forth in more detail in PUMA's motion to consolidate.  Dkt. 202.

PUMA's motion for leave to amend its infringement contentions on February 17, 2016.  *See* Ex. 1, A. Alavi Dec. ¶3.  Defendants served invalidity contentions on November 25, 2014, and they supplemented their invalidity contentions on December 19, 2014.  *See* Ex. 2.  In its invalidity contentions, Defendants charted over 50 references with respect to the '789, '368, '045, '753 Patents and nearly 30 references with respect to the '464 Patent.[7]  *See generally* Ex. 2.

Substantial discovery has already occurred in this case.  The parties have produced over 500,000 pages of documents in discovery, including 75,000 pages from the HTC Defendants, approximately 137,000 pages from the LG Defendants, and roughly 4,000 pages from PUMA. Ex. 1, at ¶4.  In addition, third parties have collectively produced an additional 415,000 pages pursuant to various subpoenas and a motion to compel,[8] including, but not limited to, approximately 400,000 pages from Qualcomm, 8,000 pages from Broadcom, 4,000 pages from FreeScale, and 1,000 pages from IBM.  *Id.*, at ¶5.  The parties are also currently in the midst of source code review.  *Id.*, at ¶6.  Indeed, PUMA has analyzed the RTL and source code for many of the system-on-chips in the accused products and expects to complete this review in the next month.  *Id.*  The parties have conducted third party depositions of an alleged prior artisan, Karl Guttag, and a lead inventor of the patents, Raul Diaz.  *Id.*, at ¶7.  Although discovery in the case has been contentious, as evidenced by motion practice between the parties, both sides are currently finalizing their discovery efforts in advance of next month's discovery deadline.  *See* Dkt. 192 (Fourth Am. Docket Control Order).

Additionally, a claim construction hearing was held on June 5, 2015 and this Court issued its claim construction ruling on July 30, 2015.  Dkt. No. 154.  Fact discovery is set to close on

---

[7] Defendants also contends that the Asserted Patents fail to satisfy the enablement requirement or lack written description, under § 112, ¶1.  *Id.* at 44-47.

[8] PUMA was forced to pursue a motion to compel in the Southern District of California in order to receive relevant technical documents from Qualcomm.

March 25, 2016, and jury selection is set for October 3, 2016.  Dkt. No. 192.

 **B.**   *Inter Partes* **Review.**[9]

 **The First Wave of IPR Petitions.**   On June 24, 2015—on the latest statutorily-permissible day (35 U.S.C. § 315(b)—Defendants (joined by third party Samsung) filed a first wave of IPR petitions, seeking review of the asserted '368, '045 and '753 Patents (as well as the then-asserted '164 and '315 Patents).  On January 6, 2016, the PTAB denied Defendants' petitions for institution for the '164 and '315 Patents (*see* Ex. 3 and 4, respectively), instituted for the challenged claims of the '368 and '045 Patents (*see* Defendants' Ex. 1 and 3, respectively), and instituted for asserted claims 1-4 of the '753 Patent, rejecting Defendants' challenge with respect to claims 7-10 and 12 of the '753 Patent.[10]  *See* Defendants' Ex. 4.

 The Board's decision to institute hinges upon just two prior art references, Bowes and the MPEG standard.[11]  Defendants' Ex. 1, 2 and 3.  In the Patent Owner's Preliminary Response, PUMA noted that Bowes and the MPEG Standard are incompatible.  *See* Defendants' Ex. 1 (as to the '368 Patent) at 16-17 ("the available bandwidth for the DSP (20) of Bowes at 2.4 microseconds is orders of magnitude less than the required bandwidth for implementing encoding/deciding using the MPEG standard."); *see also* Defendants' Ex. 3 (as to the '045 Patent), at 19-23; Defendants' Ex. 2 (as to the '753 Patent), at 24-31.  However, a patent owner is not permitted to submit an expert declaration with the preliminary response.  *See* 37 C.F.R.

---

[9] In describing the IPR process (Motion at 5), Defendants rely on certain statistics to support its assertion that at least one instituted claim is likely invalid.  However, these sort of arguments have been rejected by this district, "since the likelihood of invalidation depends entirely on the particulars of the patents and claim in dispute" such that it would be "speculative for the Court to extrapolate from the statistics." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047, 2015 WL 1069179, at *4 (E.D. Tex. Mar.11, 2015).

[10] On January 20, 2016, Defendants filed a motion for rehearing as to the denied claims (Defendants' Ex. 4), which the Board denied on February 17, 2016. Ex. 5.

[11] Defendants' petitions were granted based upon various combinations of five prior art references.  However, the proposed rejection of each independent claim in each IPR is solely predicated on a combination of the same two references, Bowes and the MPEG standard.

§§ 42.107(c) and 42.207(c).  Accordingly, at this stage, the PTAB has not been able to consider any evidence supporting PUMA's position that Bowes teaches away from a combination with the MPEG Standard.

**The Second Wave of IPR Petitions.**  On September 22, 2015 (after the deadline for Defendants to submit additional IPR petitions had passed), Samsung filed a second wave of IPR petitions, seeking a review of the '789 and '464 Patents.  Defendants are not parties to these IPRs.  PUMA filed its preliminary responses on December 31, 2015.  The PTAB has until March 31, 2016 (three months from PUMA's response), to render its decision on whether to institute for the challenged claims of the '789 and '464 Patents.  35 U.S.C. § 314(b).  However, by that time, fact discovery will have closed (as of March 25, 2016) and opening expert reports and letter briefs for dispositive motions will be due the following day (i.e., April 1, 2016).  Dkt. No. 192.

## III.    LEGAL STANDARD

The decision whether to stay a patent case pending PTO review rests entirely within this Court's discretion.  *Soverain Software, L.L.C. v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When analyzing whether a stay is warranted, this Court considers: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and a trial date has been set.  *Soverain*, 356 F. Supp. 2d at 662.  It is the party requesting the stay that "bears the burden of showing that circumstances justify the exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  Motions to stay are considered on a case-by-case basis, and there exists no policy in this Court to routinely grant such motions.  *BarTex Research, L.L.C. v. FedEx Corp.*, 611 F. Supp. 2d 647, 652 (E.D. Tex. 2009) (noting that "[t]o do so would turn

reexamination into an administrative process that must be completed before a suit for patent infringement may move forward" and "use of the reexamination process as a dilatory tactic must be considered").

## IV.   ARGUMENT

### A.   PUMA Will Be Unduly Prejudiced by a Stay, Giving Defendants an Unfair Tactical Advantage.

Defendants' IPR approach has been structured to provide them a tactical advantage to PUMA's detriment.  Defendants have not been diligent, filing the IPRs 12 full months after being served with PUMA's Complaint.  Defendants also seek to benefit from Samsung's September 2015 IPR petitions, which were filed long after Defendants' IPR deadline, guaranteeing that this case would be in an advanced stage before seeking its stay.  In view of these considerations—and others set forth below—Defendants' motion should be denied.

### 1.   Defendants Have Not Been Diligent, and the Resulting Delay Would Be Prejudicial to PUMA.

Defendants' tactical decision to wait until the last possible day to file its IPR petitions allowed under 35 U.S.C. § 315(b) is highly prejudicial to PUMA.  Filing an IPR at such a late juncture "suggest[s] an unfair tactical advantage or dilatory motive." *TruePosition, Inc. v. Polaris Wireless, Inc.,* No. 12-646, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013).  Indeed, "the more diligent a party is in seeking an IPR, the less likely its petition is prejudicial to the non-movant." *Id.*  Not only did Defendants wait for six months after it served its supplemental invalidity contentions to file its first wave of IPR petitions, it waited nearly another month after its petitions were instituted before seeking its stay. *See* § II, *supra.*  As this court has found, this "cuts strongly against a stay." *Trover*, 2015 WL 1069179, at *3-4 ("Even after the defendants filed their invalidity contentions in this case, they still delayed for months before filing their

petition, the defendants waited nearly another month before seeking a stay from this Court."). Defendants' intentional and unnecessary delay weighs heavily against a stay of litigation.

This case has been pending since June 12, 2014—over 20 months—and as such, a stay at this late juncture will be unduly prejudicial to PUMA. *See Unifi Scientific Batteries, v. Sony Mobile Communications AB, et al.*, No. 6:12-cv-224-JDL, 2014 WL 4494479, at *2 (E.D. Tex. January 14, 2014) (holding that a stay pending *inter partes* review when the action had been pending for over a year and a half causes delay to plaintiff and "weighs against a stay"). Indeed, final resolution of the instituted IPRs will likely not occur until 2019, three years after PUMA's scheduled trial date and five years after the complaint was filed.

When the PTAB institutes an IPR, a final determination is to be issued within one year of the PTAB's institution decision, 35 U.S.C. § 316(a)(11), which may be extended for good cause by six months. 77 Fed. Reg. at 48,695. Either party may appeal any final written decision of the PTAB directly to the Federal Circuit. 35 U.S.C. §§ 141(c), 319. Thus, for the IPR's instituted for the '368, '045 and '753 Patents, a final decision may not be made until January 6, 2017—and possibly not until July 6, 2017—months after PUMA's October 2016 trial date. Moreover, if IPR's are instituted for the'789 or '464 Patents, a final decision may not be made until March 31, 2017, and possibly not until August 31, 2017. In either case, an appeal to the Federal Circuit will likely take an additional two years, i.e., until 2019. If this Court denies Defendants' motion, however, trial in the pending litigation could be completed three months prior to any final decision from the PTAB for the '368, '045 and '753 Patents, and nearly six months prior to any final decision for the'789 or '464 Patents.

Courts in this district have repeatedly recognized that the prejudice to a patent holder is stronger, and thus the prejudice factor weighs more heavily against a stay, in cases where

granting a stay could result in a multi-year delay and would require pushing back a trial date. *Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.,* No. 2:13-cv-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) ("Staying the action for such an indefinite period of time would essentially remove the Court's discretion regarding control of its own docket and hold the Court in limbo awaiting determinations that could take years to reach an absolute resolution."); *see also, Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*, No. 2:13-cv-213-JRG, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) (delay of up to 18 months significant prejudice when trial is approaching); *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-00799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014) ("the PTAB may not complete its reviews until February 2016, well beyond the current October 13, 2015 trial date").

### 2. A Stay Would Deny PUMA Its Chosen Forum and Unduly Prejudice Its Efforts to Timely Enforce Its Patent Rights.

A stay will unfairly prejudice PUMA by depriving it of its chosen forum—this Court— for litigating validity challenges. Validity challenges before the PTAB are far more favorable to infringers—a fact of which Defendants are well aware. This is because the burden of proof is markedly lower in an *inter partes* review—a preponderance of the evidence, as opposed to clear and convincing standard required in district courts. *See* 35 U.S.C. § 316(e). Additionally, because the PTAB does not address issues of infringement or damages, the PTAB proceedings provide infringers with a risk-free forum to challenge the validity of a patent. Forcing PUMA to litigate the validity of its patent solely and exclusively before the PTAB would provide Defendants "with a clear and unwarranted tactical advantage." *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) ("Staying this litigation in favor of the PTO proceeding would grant Defendants their choice of forum...for no good reason"); *see also Softview LLC v. Apple et al.*, No. 10-389, 2012 WL 3061027, *4 (D. Del.

July 26, 2012).  Moreover, PUMA has a significant interest in the timely enforcement of its

patent rights.  *Trover*, 2015 WL 1069179, at *2; *Lennon Image*, 2014 WL 4652117, at *2.  The

delay caused by a stay pending a final outcome at the PTAB will prejudice PUMA and hinder

timely resolution of PUMA's claims against Defendants.  Given the court's "obligation 'to

secure the just, speedy, and inexpensive determination of every action,'" a delay in the pending

litigation weighs against a stay. *Unifi Scientific Batteries*, 2014 WL 4494479, at *5 (citing Fed.

R. Civ. P. 1).

### 3.       A Stay Will Stale the Evidence.

A stay pending the outcome of the IPRs risks the loss of evidence.  "[C]rucial witnesses

are more likely to be located if discovery is allowed to proceed now, rather than later. [Plaintiff]

would be at a severe tactical disadvantage if the entire case were stayed." *Anascape, Ltd. v.

Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007).  While the case is stayed,

"witnesses may become unavailable, their memories may fade, and evidence may be

lost." *Voltstar Tech., Inc. v. Superior Communications, Inc.*, No. 2:12-cv-00082-JRG, 2013 WL

4511290, at 2 (citations omitted).  The possibility of witness and evidence loss is heightened

where, as here, certain accused products have since been discontinued.  *Ambato Media,* 201st2

WL 194172, at *1.  Moreover, portions of PUMA's evidentiary proof are from third party source

code that may no longer be available.

In contrast, Defendants do not face the same danger, as their invalidity claims "are based

largely on prior art references, which do not change." *Cooper Notification*, 2010 WL 5149351, at

*4.  Nonetheless, Defendants argue that absent a stay, it will be unduly prejudiced.  Motion at 10.

But because Defendants "chose to contest validity through the IPR process" it "cannot complain

that it is being prejudiced by the dual track proceedings it initiated." *Intellectual Ventures I LLC*

*v. Toshiba Corp.*, No. 13-453-SLR, 2015 WL 3773779, at *2 (D. Del. May 15, 2015) (citing *Clouding IP, LLC v. SAP AG*, No. 13-1456 (D. Del. Jan. 21, 2014)).

### 4.      Defendants Are Wrong when They Argue that PUMA Will Not Suffer Prejudice.

Courts have also recognized, where, as here, "patent licensing is a core aspect of [the patentee's] business…a stay would unduly prejudice and present a clear tactical disadvantage" to the plaintiff. *Intellectual Ventures*, 2015 WL 3773779, at *2.  Nonetheless, Defendants suggest that this interest depends on whether PUMA is currently practicing the asserted patents and competes with Defendants (Motion at 8), which this Court has rejected. *See Rembrandt Wireless*, 2015 WL 627887, at *2 ("mere fact that [patentee] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date.").

Defendants are also wrong to argue that PUMA's failure to seek a preliminary injunction weighs against a stay (Motion at 8), as "[a] party's decision to seek or not to seek a preliminary injunction often rests upon a variety of factors, including that party's resources, the uncertainty of the outcome, or as part of an overall strategy to streamline the process and focus on other procedural steps of the litigation." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 13-cv-011, 2014 WL 94371, at *7 (E.D. Tex. Jan. 9, 2014) (rejecting argument that plaintiff "will not be unduly prejudiced by a stay given that it has not sought any form of preliminary injunctive relief.").  Other courts have likewise rejected this argument.  *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014)(noting that "several courts have rejected this argument").  Accordingly, it would be "unfair to hold [PUMA] to a position based upon what is no more than a dubious implication." *Id.*

**B.     Staying Litigation Pending The Petitions For IPR Would Not Simplify The Issues Before This Court.**

**1.     It is Speculative to Assume that Defendants' and Samsung's IPRs Will Have Any Meaningful Impact on the Issues for Trial.**

No IPR has not been instituted with respect to two of the asserted patents, and even with respect to the three instituted IPRs, not all asserted claims are subject to IPR.   Nonetheless, Defendants speculate that "the PTAB's final written decisions will simply and streamline this litigation regardless of the outcome."   Motion at 11.   But Defendants actually say very little about the substance of the IPR petitions—a key consideration for determining whether the IPRs would simplify matters for this Court.   Moreover, "[i]n nearly every case, reexamination has the *potential* of simplifying the issues for trial due to the possible elimination, narrowing, or amendment of claims." *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 08-cv-448, 2011 WL 11666476, at *2 (E.D. Tex. May 23, 2011) (emphasis in original) (denying motion to stay and noting that simplification of issues arguments are speculative in nature and therefore must be analyzed on a case-by-case basis).   To grant a stay based on this argument "would invite parties to unilaterally derail timely patent case resolution by seeking reexamination and not promote the efficient and timely resolution of patent cases." *Soverain*, 356 F. Supp. 2d at 662.

What is clear is that there will be a trial because claims 7-10 and 12 of the '753 Patent are not subject to any IPR.[12]   *See Intellectual Property Ventures*, 2015 WL 3773779, at *3 (no simplification where case to proceed "whether the stay is granted or not," since other "patents-in-suit not subject to the IPR"); *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 13-12418, 2014 WL 4804738, at *10 (D. Mass. Sept. 25, 2014)(stay generally denied unless "all of the patents-in-suit

---

[12] Defendants' assertion that "this case will be over" if the "PTAB invalidates all asserted claims" (Motion at 11) is based upon further speculation.   Notwithstanding the fact that IPRs have not (and may never be) instituted for the '789 and '464 Patents, the PTAB has now twice rejected its challenges to asserted claims 7-10 and 12 of the '753 Patent.

are subject to IPR").  There has been no indication whether Samsung's last-minute petitions for the '789 and '464 Patent will be instituted, and the PTAB's earlier decision rejecting Defendants' petitions for the '164 and '315 Patents shows that it is far from certain.  In any event, even if IPRs are instituted for the '789 and '464 Patents, it is quite likely that the petitions will be denied for at least some claims and/or on at least some grounds.

Lastly, Defendants' reliance on *NFC Tech. LLC v. HTC American, Inc*., No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. March 11, 2015), is misplaced.  There, Judge Bryson, sitting by designation, granted a motion for stay despite the fact that the instituted IPR's did not include all of the asserted claims.  *Id*., at *7.  However, those claims were not included in defendant's original petition because patentee had not previously asserted those claims, and thus, the absence of these claims was "chargeable" to the patent owner.  *Id*.  Thus, *NFC Tech.* stands inapposite as no additional patent claims have been asserted against Defendants since the inception of this case.[13]

## 2.    There Are No Efficiencies to Be Gained By Staying the Litigation.

Defendants are also wrong when they argue that IPR will simply the litigation because "Defendants may be estopped from asserting invalidity" or "by adding prosecution history that will likely inform claim construction and other issues, such as intervening rights (which impacts damages)."  Motion at 11-12.  Notwithstanding the fact that claim construction for the asserted claims have already been decided (as this Court issued its ruling months ago on July 31, 2015),[14] this assertion further rests on the faulty assumption that the PTAB will construe the terms under

---

[13] Defendants heavily rely on *Norman IP Holdings, LLC v. TP-Link Techs. Co*., No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014), yet there, the PTO had rejected or cancelled ***all*** of the claims in suit ***save one***, which was subject to a petition for IPR.  Motion at 5, 8, 10.

[14] In fact, that the "disputed claim terms have already been construed by the Court" weights against a stay. *LML Patent Corp.*, 2011 WL 11666476, at *2

the same standard as used by this Court.[15]   There will be no impact on damages from intervening

rights because PUMA will not amend any of the asserted claims during the IPR proceedings,

given the expiration of the asserted patents later this year.   *See Softview*, 2012 WL 3061027, at

*3 (representation that patentee will not amend claims "during reexamination reduces risk that

litigation effort will be nullified or wasted…"); *see also Cooper*, 2010 WL 5149351, at *3 (case

will not be simplified where patentee "expressly represented that it will not amend its claims").

Finally, "to the extent that estoppel may simplify any issues in this case, its effect is speculative

at best." *Voltstar Tech.*, 2013 WL 4511290, at *3; *Verinata Health*, 2014 WL 121640, at *3

(defendant "overstates the importance of the estoppel rules," since PTAB's decision is still

subject to appeal to the Federal Circuit).   This is especially true here, where the PTAB merely

granted Defendants' IPR requests with respect to five references, while its invalidity contentions

contain over 50 references, some of which it will undoubtedly assert a trial.   *See Unifi Scientific

Batteries*, 2014 WL 4494479, at *2.

There is no reason the IPRs and this litigation need to be dealt with serially when they

can proceed efficiently in parallel (assuming the IPRs for the '789 and '464 Patent go forward at

all).   Most of the fact discovery in this case has been completed (with the exception of

outstanding depositions) and claim construction is complete.   Moreover, by statute, IPRs are

limited to validity under §§102 and 103, and only on the basis of prior art consisting of "patents

or printed publications." 35 U.S.C. § 311(b).   That leaves many issues to be resolved by this

Court, including a determination of invalidity under 35 U.S.C. §112.   *See Unifi Scientific

Batteries*, 2014 WL 4494479, at *2.   Indeed, in their invalidity contentions, Defendants

---

[15] Claim construction for an IPR is governed by 37 C.F.R. § 41.100(b), where "[a] claim … shall be given its broadest reasonable construction in light of the specification of the patent in which is appears."   In contrast, a district court is to conduct claim construction by examining the extrinsic record to define the patented invention's scope.   *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004).

challenged the PUMA patents on numerous grounds under 35 U.S.C. § 112.  *See* § II.A, *supra*.

Therefore, if Defendants are unsuccessful before the PTAB, a stay would simply provide

Defendants the opportunity to retool their invalidity case with different arguments for another

bite at the proverbial "invalidity apple."  Defendants are also wrong when they argue that "the

IPR decision will ultimately govern," since it is the Federal Circuit that will be charged with

ultimately resolving these issues.  *See* Motion at 13.  Indeed, "when you keep both the

administrative and judicial tracks moving, the competitive business world benefits from the

timely presentation of both in the Federal Circuit, the final arbiter of any substantive

differences."  *Intellectual Ventures*, 2015 WL 3773779, at *4.

### C.     A Stay is Inappropriate Given the Advanced Stage of the Litigation.

This litigation has now been pending since June 2014—over 20 months.  Claim

construction is complete and fact discovery is set to close next month on March 25, 2016.  Jury

selection is set for October 3, 2016—only eight months away.  At best, any final decision of the

PTAB will not be made until January 6, 2017, well-after trial in this Court.  Nonetheless,

Defendants argue that it "filed its motion at a relatively early stage of this action."  Motion at 13.

The record supports no such assertion.  As noted above, the parties have produced infringement

and invalidity contentions, the Court issued its claim construction ruling, and the parties have

produced and reviewed nearly a million documents, including source code from third-parties.

This Court has consistently denied requests for a stay when, as in this case, the litigation has

progressed significantly toward trial.  This is because '[f]irm trial settings resolve cases and

reduce litigation costs."  *Invensys Sys.*, 2014 WL 4477393, at *3.

In *Lennon Image Tech*., this Court was "persuaded that the well-developed posture of

[the] case weighs heavily against granting stay" where (like here) the case had been pending for

well-over a year, a *Markman* order had issued, and discovery was nearly complete.  2014 WL 4652117, at *3.  Likewise, in *Unifi Scientific Batteries*, the court noted, in denying a motion to stay, that (as here) "the parties have engaged in substantial discovery, produced documents, answered interrogatories, and served and supplemented infringement and invalidity contentions" and "claim construction was already underway by the time [defendant] filed for the instant stay." 2014 WL 4494479, at *3; *see also ROY-G-BIV Corp. v. FANUC Ltd.*, 2009 WL 1080854, at *3 (E.D. Tex. 2009) ("Defendants argue that discovery is far from complete...however, claim-construction briefing is complete and trial is six months away."); *Nidec Corp. v. LG Innotek Co., Ltd.*, No. 07-cv-108, 2009 WL 3673433, at *8 (E.D. Tex. Apr. 3, 2009) ("Currently, the parties are fully engaged in discovery with a *Markman* and trial date set. The circumstances in this case lead the Court to conclude that…the third and final factor weighs against granting a stay.").

## V.    CONCLUSION

For the foregoing reasons, PUMA respectfully requests that the Court deny Defendants' Motion to Stay.

Dated:  February 29, 2016                    Respectfully submitted,


/s/ Amir Alavi
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Jamie Aycock
Texas Bar No. 24050241
jaycock@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Alisa A. Lipski
Texas Bar No. 24041345
alipski@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
        ALAVI & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: 909-757-6400
Facsimile: 909-757-2323

**ATTORNEYS FOR PLAINTIFF
PARTHENON UNIFIED MEMORY
ARCHITECTURE LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by ECF on February 29, 2016.

*/s/ Amir Alavi*
Amir Alavi

4838-3384-5294, V.  1