IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARTHENON UNIFIED MEMORY ARTCHITECTURE LLC, § § § Plaintiff, § § v. § § HTC CORPORATION & HTC AMERICA, INC., § § Defendants. § | Case No. 2:14-cv-00690-RSP |

## MEMORANDUM ORDER

Pending before the Court is the Joint Motion to Stay by Defendants HTC Corporation, HTC America, Inc. ("HTC"), LG Electronics, Inc. and LG Electronics U.S.A., Inc. ("LG") (collectively, "Defendants"). (Dkt. No 197.) The Court having considered the arguments finds that staying the case pending the conclusion of inter parties review ("IPR") is outweighed by the cost of additional delay.

**PROCEDURAL BACKGROUND**

On June 12, 2014, Plaintiff Parthenon Unified Memory Architecture LLC ("Parthenon") asserted U.S. Patent Nos. 5,812,789; 5,960,464; 7,321,368 7,542,045; and 7,777,753 against Defendants. (Dkt. No. 197 at 3, Dkt. No. 203 at 4.) Parthenon served infringement contentions on September 29, 2014, and Defendants served invalidity contentions on November 25, 2014. (Dkt. No. 203 at 2–3.) The Court held a claim construction hearing on June 5, 2015, and issued a *Markman* order on July 30, 2015. (Dkt. No. 155).

On June 24, 2015, one year after being served with Parthenon's complaint, Defendants filed IPR petitions challenging the validity of the '368 patent, '045 patent, and '753 patent. (Dkt. No. 197 at 1.) The Patent Trial and Appeals Board ("PTAB") instituted IPR on all asserted

claims in the '368 patent, all asserted claims in the '045 patent, and claims 1–4 in the '753 patent on January 6, 2016. (Dkt. No. 197 at 1). The PTAB did not institute IPR on claims 7–10 and 12 of the '753 patent. (Dkt. No. 203 at 4). HTC and LG did not file IPR petitions challenging the validity of the '789 patent and the '464 patent. On September 22, 2015, three months after HTC and LG filed IPR petitions challenging three of the five asserted patents, third-party Samsung Electronics Co., Ltd. ("Samsung") filed IPR petitions challenging the two remaining asserted patents. (Dkt. No. 197 at 1).

## APPLICABLE LAW

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine [if] the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* The party seeking a stay must show that the stay should be granted. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The proponent of a stay bears the burden of establishing its need.").

## ANALYSIS

**A.    Undue prejudice.**

Defendants contend this factor favors a stay. They state that (1) Parthenon did not move for a preliminary injunction, (2) Parthenon is a non-practicing entity and will not suffer irreparable harm, and (3) Defendants "acted expeditiously in filing the IPRs." (Dkt. No. 8–9).

Defendants further assert a stay has the benefit of "avoiding potentially moot discovery." (Dkt. No. 197 at 9).

Parthenon argues this factor disfavors a stay. Parthenon asserts Defendants have not been diligent because they waited "six months after [they] served [their] supplemental invalidity contentions to file [their] first wave of IPR petitions." (Dkt. No. 203 at 6). Parthenon contends "[a] stay pending the outcome of the IPRs risks the loss of evidence" because some of the accused devices have since been discontinued. (Dkt. No. 203 at 9). Parthenon finally claims that patent licensing is its main business and that it would be prejudiced if the case were to be stayed. (Dkt. No. 203 at 10).

The Court finds this factor disfavors a stay because Defendants did not file their IPRs expeditiously and are most likely seeking a stay to gain a tactical advantage over Parthenon. Section 315 of the Patent Act says: "inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint . . . ." 35 U.S.C. § 315(b). Defendants filed three IPR petitions on June 24, 2015, the last day of the "1 year" period under which Defendants were permitted to file IPRs. (Dkt. No. 203 at 4). Defendants offer no reason for filing their IPRs on the last day. As Parthenon points out, Defendants identified relevant prior art at least six months before they filed their IPRs, when they served their infringement contentions on December 19, 2014. (Dkt. No. 203 at 3, 6).

Indeed, this case presents a good example of why filing IPRs near the end of the one-year period tends to prejudice the non-moving party. Parthenon filed this case nearly two years ago with trial first set for December 14, 2015. (Dkt. No. 43 at 1). The case was continued to October 3, 2016 because Parthenon was unable to obtain discovery from critical third-parties. The parties

cannot dispute that neither side caused the delays and that discovery has been delayed because Parthenon has been unable to obtain information from third-parties without Court intervention. *See* (Dkt. No. 135 at 2) ("The **parties** did not delay in seeking this information. The **parties** diligently served subpoenas on Qualcomm well before the close of discovery in this case.") (emphasis added); (Dkt. No. 203 at 3) ("[D]iscovery in this case has been contentious, as evidenced by motion practice between the parties, both sides are currently finalizing their discovery efforts in advance of next month's discovery deadline.").

Thus, had Defendants filed their IPR petitions before the last day allowed under the statute, both parties might have been spared some of the burdens of discovery. *See, e.g.*, *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, Case No. 6:15-cv-59-JRG, Dkt. No. 145, at *5 (E.D. Tex. May 12, 2016) ("[Defendants] filed their petition for inter partes review of the '555 Patent less than six months after Plaintiff amended its complaint."). The PTAB could have issued its IPR institution decisions at an earlier stage in the case and the Court could have considered this motion to stay in the midst of a contentious discovery period. However, Parthenon has completed or nearly completed the most difficult parts of discovery. *See* (Dkt. No. 203 at 3) (stating third-parties have produced documents and are currently reviewing source code). At this point, the Court finds that staying the case will delay a resolution on the merits and require Parthenon to warehouse discovery results that it diligently worked with third-parties for months to collect.

Beyond the tactical prejudice to Parthenon, the Court notes that five asserted claims are not in IPR and the PTAB has dismissed the IPRs pending against the '789 patent and the '464 patent. *See* IPR2015-01944, Paper No. 12; IPR2015-01946, Paper No. 12. A stay would prejudice Parthenon's right to assert the unchallenged claims and would prejudice Parthenon's

right to conduct its business. "As courts have recognized, plaintiffs will suffer some prejudice from a stay, due to . . . the possibility of necessary witnesses' memories fading[] and negative impact on their ability to license the patents-in-suit." *Intellectual Ventures I LLC v. Toshiba Corp.,* No. Civ. 13-453-SLR/SRF, 2015 WL 3773779, at *2 (D. Del. May 15, 2015) (quotation omitted). That concern carries weight here because several of the "accused products have [] been discontinued and portions of [Parthenon's] evidentiary proof are from third-party source code that may no longer be available" at the end of a lengthy stay. (Dkt. No. 207 at 3).

Finally, the Court notes that Defendants' motion to stay rests partly on IPR petitions filed by third-party Samsung. Under normal circumstances, if the claims challenged by Samsung were not cancelled in IPR, Defendants would be allowed to reurge the same validity challenges in District Court. Defendants are allowed to reurge the same validity challenges as Samsung because Defendants are not "petitioners" under the Patent Act. *See* 35 U.S.C. § 315(e) ("The **petitioner** in an inter partes review of a claim in a patent under this chapter that results in a final written decision . . . may not assert [] in a civil action . . . that the claim is invalid on any ground that the **petitioner** raised or reasonably could have raised during that inter partes review.") (emphasis added).

Defendants address this inefficiency by "agree[ing] to be bound by the results of the second set of IPRs to the extent Samsung may be bound." (Dkt. No. 205 at 1); (Dkt. No. 197 at 12 n.7). Some courts have found these agreements to weigh in favor of a stay because even if the challenged claims are not cancelled, the validity case in District Court would still be simplified. The defendants in those circumstances would be barred from raising the validity challenges that were addressed or could have been addressed by in IPR. *See Personalweb Tech., LLC v. Google Inc.*, Case No. 5:13-CV-01317-EJD, 2014 WL 4100743, at *5 (N.D. Cal. Aug. 20, 2014); *see*

*also Pi-Net Int'l, Inc. v. Focus Bus. Bank*, Case No. C-12-4958 PSG, 2013 WL 5513333, at *2 (N.D. Cal. Oct. 3, 2013).

The Court, however, finds the timing of the agreement in this case suggests it is a maneuver to gain a tactical advantage in the litigation. Defendants are seeking to delay the case based on IPRs filed three months after the "1 year" period under which Defendants could have filed their own IPRs. *See* 35 U.S.C. § 315(b). Granting a stay based on IPRs filed outside of the "1 year" period runs counter to the purpose of "the post-grant review process [which] is to enable early challenges to patents, while still protecting the rights of inventors and patent owners against new patent challenges unbounded in time and scope." H.R. Rep. No. 112-98, pt. 1, at 47–48 (2011). When Defendants did not file petitions challenging the asserted patents within the "1 year" period, Parthenon was entitled to anticipate defending its patents in District Court. *See* H.R. Rep. No. 112-98, pt. 1, at 48 (2011) ("[T]he changes made by [the committee] are not to be used as tools for harassment or a means to prevent market entry through repeated litigation and administrative attacks on the validity of a patent. Doing so would frustrate the purpose of the section as providing quick and cost effective alternatives to litigation.").

**B.      Simplifying the case.**

Defendants contend a stay will simplify the case regardless of the outcome of the IPRs. They state that if the PTAB cancels all of the asserted claims, "this case will be over and all other co-pending cases that [Parthenon] has filed will be over." (Dkt. No. 197 at 11). Defendants note that "if the PTAB rejects or amends some of the claims, the case will be simplified because the original claims will no longer be at issue in the litigation . . . ." (Dkt. No. 197 at 11). Defendants finally state that "if the PTAB confirms all of the claims, HTC and LG may be estopped from

asserting invalidity 'on any grounds that were raised or reasonably could have been raised during that [IPR].'" (Dkt. No. 197 at 11–12).

Parthenon responds by arguing that a stay will not simplify the case. It asserts the PTAB has twice rejected invalidity challenges as to five asserted claims and "IPR has not been instituted with respect to two of the asserted patents." (Dkt. No. 207 at 4). Parthenon further asserts a stay will not simplify the case because "Defendants [have] 'overstate[d] the importance of the estoppel rules,' since [the] PTAB's decision is still subject to appeal to the Federal Circuit." (Dkt. No. 207 at 4).

The Court finds this factor weighs against a stay. IPRs are not pending as to five asserted claims and the PTAB has since dismissed the two IPRs filed by Samsung. These circumstances cut against a stay because no IPRs are pending against half of the asserted claims in this case.

**C.     Advanced stage.**

Defendants assert this factor favors a stay because the case is still in its early stages. *See* (Dkt. No. 197 at 13). Defendants contend that this case is in the early stages because courts have stayed cases in similar circumstances in the past. (*See* Dkt. No. 197 at 13–14). Parthenon asserts this case is in its advanced stages because the Court has issued a claim construction order and the parties have engaged in discovery "including [reviewing] source code from third-parties." (Dkt. No. 203 at 14).

The Court finds this factor is neutral as to a stay. The deadlines the Court considers important include those for fact discovery, expert discovery, and filing dispositive motions and motions to strike. The Court also considers important the stage of the case in view of practical milestones such as the amount of discovery and trial preparation that has been completed. The Court finds the deadline for fact discovery cuts against a stay because the close of discovery is

7

imminent. The Court finds the deadline for expert discovery and filing motions are neutral. Those deadlines are approaching but are still a month away. Finally, the Court finds the other practical milestones are neutral because neither side is likely to have begun preparing for a trial but significant discovery has been completed. In sum, the case sits at a stage where the costs and benefits of a stay are equal.

## CONCLUSION

The Court finds that Defendants have not shown that any of the factors favors of a stay. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The proponent of a stay bears the burden of establishing its need."). Therefore, the Joint Motion to Stay by Defendants HTC Corporation, HTC America, Inc., LG Electronics, Inc. and LG Electronics U.S.A., Inc. (Dkt. No. 197) is **DENIED**.

**SIGNED this 16th day of June, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE